[No. B045789. Second Dist., Div. One. Apr. 30, 1991.]

KHANBABA KOHAN et al., Plaintiffs and Respondents, v. LIDA COHAN et al., Defendants and Appellants.

COUNSEL

Kaplan, Kenegos & Kadin, Jerry Kaplan and Joan Kenegos for Defendants and Appellants.

Kaye, Scholer, Fierman, Hays & Handler, Pierce O'Donnell, Cruz Reynoso, Betsy Handler, Christopher Layne, Hoon Chun and Morton Minikes for Plaintiffs and Respondents.

## OPINION

**SPENCER, P. J.—**

### INTRODUCTION

Defendants Lida Cohan et al. appeal from an order awarding sanctions to plaintiffs Khanbaba Kohan and Diana Kohan for misuse of the discovery process (Code Civ. Proc., § 2023, subd. (b)(1)).

### STATEMENT OF FACTS

Plaintiffs brought this action for dissolution of partnership, an accounting and other relief. It involves an alleged partnership agreement among three brothers entered into in 1961 in their native country of Iran. Defendants obtained a summary judgment based on the statute of limitations, but plaintiffs were granted a new trial on the ground the statute of limitations was tolled, and the summary judgment was vacated. Defendants appealed, and the order granting a new trial was affirmed. (*Kohan* v. *Cohan* (1988) 204 Cal.App.3d 915 [251 Cal.Rptr. 570].)

The parties prepared for trial, including exchanging expert witness lists. Defendants' list included Musa Sabi, an Iranian law expert who had died two years earlier. Plaintiffs moved to exclude from trial a declaration by Musa Sabi; to preclude defendants from designating another expert on Iranian law, to strike defendants' affirmative defenses; and to impose sanctions for abuse of discovery. Plaintiffs claimed the designation of Musa Sabi was an act of willful misconduct and the expert witness declaration filed by defense counsel was perjurious. Defendants asserted the designation was inadvertent; they meant to name Musa Sabi's son, Hamid Sabi.

The trial court granted the motion to strike Musa Sabi's declaration and deferred rulings on the motions to preclude defendants from designating another expert on Iranian law and to strike defendants' affirmative defenses. It also granted plaintiffs' motion for sanctions, finding defendants "did not commit fraud or perjury, but they manifested the lack of diligence which caused plaintiffs to unnecessarily expend legal energies."

## CONTENTION

Defendants contend the trial court's award of sanctions was inappropriate and should be vacated, in that their conduct was not willful or done in bad faith or to gain an advantage in litigation. For the reasons set forth below, we disagree.

## DISCUSSION

Preliminarily, we note defendants appeal from an order of the trial court awarding sanctions for misuse of the discovery process (Code Civ. Proc., § 2023). This court previously has held such an order is not appealable but may be reviewed by extraordinary writ or on appeal from the final judgment. (*Slemaker* v. *Woolley* (1989) 207 Cal.App.3d 1377, 1381-1382 [255 Cal.Rptr. 532]; *Kibrej* v. *Fisher* (1983) 148 Cal.App.3d 1113, 1115-1116 [196 Cal.Rptr. 454]; accord, *Midwife* v. *Bernal* (1988) 203 Cal.App.3d 57, 62 [249 Cal.Rptr. 708].) Defendants have sought review of the order by petition for writ of mandate; this court denied the petition. (*Cohan* v. *Superior Court* (Nov. 21, 1989) B045597.) According to the cited cases, defendants would be allowed to seek review of the order on appeal from the final judgment in the case, but this appeal would have to be dismissed.

However, since those cases were decided, subdivision (k) was added to section 904.1 of the Code of Civil Procedure. (Stats. 1989, ch. 1416, § 25.) It provides an appeal may be taken "[f]rom a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750). Lesser

sanction judgments against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."

Although subdivision (k) refers to a sanction "judgment," it can be construed to refer to an order as well. First, by its terms, it refers to court actions taken prior to entry of final judgment, which generally are orders. Second, the Code of Civil Procedure elsewhere does not provide for sanction judgments but for orders imposing expenses or sanctions. (E.g., §§ 128.5, 177.5, 2023, subd. (b)(1).) Finally, the legislative history of the subdivision constantly refers to the appeal of a "judgment or order for the payment of monetary sanctions" (Assem. 3d reading digest on Assem. Bill No. 157 as amended Sept. 11, 1989; Sen. Com. on Judiciary summary of Assem. Bill No. 157 as amended Aug. 21, 1989 for Aug. 22, 1989 hg.; Assem. Com. on Judiciary digest of Assem. Bill No. 157 for May 24, 1989 hg.), indicating a legislative intent that the subdivision apply to both judgments and orders. In fact, this court, in *Mattco Forge, Inc.* v. *Arthur Young & Co.* (1990) 223 Cal.App.3d 1429 [273 Cal.Rptr. 262] construed an order imposing sanctions for abuse of the discovery process under section 2023, subdivision (b)(1), to be a judgment within the meaning of section 904.1, subdivision (k), and thus appealable. (223 Cal.App.3d at pp. 1441-1442 and fn. 10.)

As to whether subdivision (k) applies to make appealable sanction orders for discovery abuses which exceed $750, this would appear on the face of the subdivision to be the case. However, this clearly was not the intent of the Legislature. Rather than expand the category of appealable sanction orders, the Legislature sought to restrict it. The legislative history of the subdivision indicates the Legislature's intent was to "[e]liminate the right to appeal a judgment or order for the payment of monetary sanctions in cases where the order for payment is $750 or less. Review in such cases . . . will instead be upon the granting of a petition for an extraordinary writ." (Assem. 3d reading digest on Assem. Bill No. 157 as amended Sept. 11, 1989; accord, Sen. Com. on Judiciary summary of Assem. Bill No. 157 as amended Aug. 21, 1989 for Aug. 22, 1989 hg.; Assem. Com. on Judiciary digest of Assem. Bill No. 157 for May 24, 1989 hg.)

Nonetheless, the court must follow the language used in a statute and give it its plain meaning, "'"even if it appears probable that a different object was in the mind of the legislature."'" (*People* v. *Weidert* (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380].) Accordingly, we hold subdivision (k) supersedes those cases which hold sanction orders for abuse

of discovery are not appealable for such orders which exceed $750. Therefore, the instant order is appealable.

■    Turning now to the merits of the appeal, defendants contend the sanction award was inappropriate, and thus should be vacated, in that their behavior was not willful, done in bad faith or to gain an advantage in the litigation. Sanctions were imposed pursuant to Code of Civil Procedure section 2023, enacted as part of the Civil Discovery Act of 1986 (Stats. 1986, ch. 1334, § 2, p. 4706). The section describes misuses of the discovery process and lists the sanctions which may be imposed for such misuses. Subdivision (b)(1) provides: "The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct . . . . If a monetary sanction is authorized by any provision of this article, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

Subdivision (b)(1) of section 2023 does not, by its terms, require that the misuse of the discovery process be willful. Cases interpreting its predecessor, former Code of Civil Procedure section 2034, subdivision (d) (repealed Stats. 1986, ch. 1334, § 1, p. 4700), required that a misuse of the discovery process be willful before sanctions could be imposed. (E.g., *Midwife* v. *Bernal*, *supra*, 203 Cal.App.3d at p. 63.) However, these cases have no application to section 2023, subdivision (b)(1). Former section 2034, subdivision (d), by its terms applied to "willfully" failing to comply with discovery. That language has been omitted from section 2023, subdivision (b)(1).

Although there are no cases addressing this issue, commentators have reached the conclusion section 2023, subdivision (b)(1), has eliminated the requirement of willfulness. (2 DeMeo, Cal. Deposition and Discovery Practice (1990) § 42.10[6], pp. 42-20.6-42-21; Donovan, *The Sanction Provision of the New California Civil Discovery Act, Section 2023: Will it Make a Difference or is it Just Another 'Paper Tiger'?* (1988) 15 Pepperdine L.Rev. 401, 410.) Instead, the section allows one against whom sanctions are sought to show substantial justification to avoid the imposition of sanctions. (*Ibid.*; see also DeMeo, *supra*, § 42.10[6], pp. 42-20.6-42-21.)

We too must conclude section 2023, subdivision (b)(1), does not require a misuse of the discovery process to be willful before monetary sanctions may be imposed. The language of the statute simply does not allow the imposition of such a requirement. Therefore, it was not inappropriate for the trial court to impose such sanctions absent a finding of willfulness. Inasmuch as

defendants do not contend the trial court abused its discretion in failing to find substantial justification for their misuse of the discovery process, the order imposing sanctions must be affirmed.

Plaintiffs request sanctions for frivolous appeal, claiming "[a]ppellants' brief is based on an incomplete, distorted, and disingenuous recital of purported facts and a misstatement of applicable law," and it is merely a "rehash" of defendants' unsuccessful arguments on its petition for writ of mandate. However, plaintiffs' brief is no better. First, much of the brief does not address defendants' contention at all. Plaintiffs review the evidence which would support a finding defendants' misdesignation of their expert witness was willful and not inadvertent, despite a trial court finding defendants did not commit fraud or perjury but merely manifested a lack of diligence, then argue that their version of the facts supports the imposition of sanctions. Second, plaintiffs—as well as defendants—fail entirely to address the question whether the order awarding sanctions is appealable, although this issue was raised by defendants' notice of appeal. Inasmuch as plaintiffs' brief is as inadequate as defendants', and plaintiffs' arguments as meritless, we decline to award them sanctions for frivolous appeal based on the quality of defendants' brief.

The order is affirmed.

Devich, J., and Ortega, J., concurred.