[No. B053894. Second Dist., Div. Seven. Jan. 6, 1992.]

DALIA GHANOONI et al., Plaintiffs and Appellants, v.
SUPER SHUTTLE OF LOS ANGELES et al., Defendants and
Respondents.

**COUNSEL**

Robert L. Esensten, in pro. per., and Bruce A. Fields for Plaintiffs and Appellants.

Wilson, Elser, Moskowitz, Edelman & Dicker and Rene J. Molligan for Defendants and Respondents.

**OPINION**

**JOHNSON, J.**—Plaintiff and her attorney appeal from an order imposing $3,100 in sanctions against them jointly for unsuccessfully opposing a motion to compel compliance with a demand for a physical examination (Code Civ. Proc., §§ 2032, subd. (c)(7); 2023, subd. (b)(1).)[1] ▆▆▆ We dismiss the purported appeal because the order is nonappealable.[2]

---

[1]All future references are to the Code of Civil Procedure unless otherwise noted.

[2]Technically, this appeal is from the trial court's denial of a motion to reconsider the sanction order. However, an order denying reconsideration of a nonappealable order is itself nonappealable. (*Corns* v. *Miller* (1986) 181 Cal.App.3d 195, 197, fn. 1 [226 Cal.Rptr. 247].)

## Facts and Proceedings Below

The plaintiff, Dalia Ghanooni, is suing defendants Super Shuttle of Los Angeles and others for personal injuries she suffered on board a Super Shuttle passenger van. Plaintiff refused to submit to an X-ray examination of her back, neck and elbow which were allegedly injured as a result of defendants' negligence. Super Shuttle made a motion to compel plaintiff to submit to the examination under section 2032, subdivision (c)(2) which provides, in relevant part, "In any case in which a plaintiff is seeking recovery for personal injuries, any defendant may demand one physical examination of the plaintiff, provided the examination does not include any diagnostic test or procedure that is painful, protracted, or intrusive, and is conducted at a location within 75 miles of the residence of the examinee. A defendant may make this demand without leave of court . . . ." Super Shuttle also requested sanctions under section 2032, subdivision (c)(7) which provides in relevant part, "The court shall impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel compliance with a demand for a physical examination, unless it finds that the one subject to the sanction acted with substantial justification, or that other circumstances make the imposition of the sanction unjust."[3]

The trial court granted the motion to compel and awarded sanctions against plaintiff and her counsel, jointly, in the sum of $3,100. Plaintiff and her counsel filed a timely notice of appeal. For the reasons explained below, a sanction order under section 2032, subdivision (c)(7) is not appealable at this stage of the proceedings but may be appealed under section 906 following a final judgment in the action.

## Discussion

*An Order Imposing a Monetary Sanction Under Code of Civil Procedure Section 2032, Subdivision (c)(7) for Misuse of the Discovery Process Is Not Made Appealable by Code of Civil Procedure Section 904.1, Subdivision (k)*

Section 904.1, subdivision (k) provides an appeal may be taken,

"From a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven

---

[3]In points and authorities replying to plaintiff's opposition to its motion for sanctions, Super Shuttle argued it was entitled to sanctions under section 128.5. The minute orders issued by the trial court do not specify whether its sanction order was made under sections 2023 and 2032, section 128.5, or all three. The record on appeal contains no reporter's transcript. However, because the minute orders do not comply with the requirements of section 128.5, we conclude the order awarding sanctions was pursuant to sections 2023 and 2032. (*Slemaker* v. *Woolley* (1989) 207 Cal.App.3d 1377, 1379-1380 [255 Cal.Rptr. 532].)

hundred fifty dollars ($750). Lesser sanction judgments against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."

A split of authority exists over whether subdivision (k) makes appealable sanctions in excess of $750 awarded under authority of the discovery statutes.

One division of this court has held monetary discovery sanctions in excess of $750 are now separately appealable. (*Kohan* v. *Cohan* (1991) 229 Cal.App.3d 967, 970 [280 Cal.Rptr. 474].) Another division of this court reached the opposite conclusion in *Rao* v. *Campo* (1991) 233 Cal.App.3d 1557, 1568 [285 Cal.Rptr. 691]. For the reasons set forth below, we conclude the addition of subdivision (k) to section 904.1 did not make monetary discovery sanctions under section 2032, subdivision (c)(7) separately appealable.[4]

In order to arrive at the meaning of section 904.1, subdivision (k), we must start with its judicial and legislative background.

Under the "one final judgment rule," interim orders generally are not separately appealable. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 83, pp. 105-106.) The courts have recognized an exception to this rule allowing an appeal from a final order on a collateral matter which requires a party to immediately pay money. (*Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 634, fn. 3 [150 Cal.Rptr. 461, 586 P.2d 942]; *Rabbitt* v. *Vincente* (1987) 195 Cal.App.3d 170, 173 [240 Cal.Rptr. 524].) However, this "collateral order" exception has been held inapplicable to monetary sanctions imposed under the discovery statutes. (*Lund* v. *Superior Court* (1964) 61 Cal.2d 698, 709 [39 Cal.Rptr. 891, 394 P.2d 707]; *Slemaker* v. *Woolley, supra,* 207

---

[4]Section 2023, subdivision (b) provides in relevant part: *"To the extent authorized by the section governing any particular discovery method* or any other provision of this article, the court, after notice to any affected party, person, or attorney, and after opportunity for hearing, may impose the following sanctions against any one engaging in conduct that is a misuse of the discovery process. [¶] (1) The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct. . . . If a monetary sanction is authorized by any provision of this article, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (Italics added.)

As noted above, the specific section relied on by defendant in its motion for sanctions was section 2032, subdivision (c)(7). We limit our decision to this section.

Cal.App.3d at p. 1382.)[5] Instead, these sanctions are reviewable on appeal from the final judgment in the case (§ 906; *Kibrej* v. *Fisher* (1983) 148 Cal.App.3d 1113, 1115 [196 Cal.Rptr. 454]; *Slemaker* v. *Woolley, supra,* 207 Cal.App.3d at pp. 1381-1382), or by petition for an extraordinary writ (*Lund* v. *Superior Court, supra,* 61 Cal.2d at pp. 709-710).

Thus, prior to the adoption of section 904.1, subdivision (k), this is how the law stood: an order or judgment imposing monetary sanctions in any amount was separately appealable except an order or judgment imposing monetary sanctions under authority of the discovery statutes. These latter sanctions were appealable only after final judgment in the case.

The language in section 904.1, subdivision (k) can be traced to two sources.

In 1988, the Legislature adopted section 904.4 which provided, in relevant part, an appeal may be taken from a judgment of a superior court except "(5) any order for monetary sanctions, in an amount not exceeding five hundred dollars ($500), imposed by a court under Sections 128.5 and 2023." (Stats. 1988, ch. 789, § 1, pp. 2556-2557.) The Legislature declared the purpose of this new section was "to assess the impact of this section on a limited basis before making it applicable on a statewide basis." (*Ibid.*) Section 904.4 was in effect only in San Diego County and only in calendar 1989, after which it was repealed under a sunset clause contained in the legislation. (*Ibid.*)

In 1989, the Judicial Council circulated a proposed amendment to section 904.1, subdivision (a) eliminating all appeals from sanction awards. The amendment provided an appeal may be taken from a superior court judgment except "(5) a judgment or order directing payment of monetary sanctions by a party or attorney." The amendment did, however, specify an appellate court could review "a judgment or order for the payment of monetary sanctions" upon petition for an extraordinary writ. (Memorandum from Judicial Council to "Persons and Organizations Interested in Rules on Appeal and Criminal Rules." (Feb. 15, 1989) at p. 10.) In explaining why it was proposing this amendment, the Judicial Council cited a recent appellate court opinion which "suggested that orders imposing monetary sanctions should not be appealable of right but should be reviewable only by discretionary writ. In that case, the sanctions order was for $750, an amount well within municipal court jurisdiction, yet was appealable to the Court of Appeal as a judgment

---

[5]Sanctions for discovery abuses awarded under *other* statutes, e.g., section 128.5, have been held directly appealable. (*Slemaker* v. *Woolley, supra,* 207 Cal.App.3d at p. 1379; *Chong* v. *Fremont Indemnity Co.* (1988) 202 Cal.App.3d 1097, 1102 [249 Cal.Rptr. 264].) We express no view on the correctness of those decisions. Our opinion is limited to cases in which the trial court awarded sanctions under authority of the discovery statutes themselves, e.g., sections 2023, 2032.

of the superior court." (*Id.* at p. 2.) ■ (The referenced opinion was subsequently ordered depublished; therefore we neither cite nor rely on it in our opinion in this case.) (Cal. Rules of Court, rule 977.)

After reviewing comments to the proposed legislation, the Judicial Council redrafted it by eliminating the original language, which would have made all sanction awards nonappealable, and proposed, instead, a new paragraph at the end of section 904.1, subdivision (a) reading:

"An appeal may be taken from a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds $5,000; lesser sanction judgments against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the Court of Appeal, may be reviewed upon petition for an extraordinary writ."

As finally enacted, the 1989 amendments to section 904.1 reflect both proposals by the Judicial Council. In subdivision (a), following the existing list of exceptions from appealable judgments, the Legislature added a provision stating the appellate court could review by writ proceeding "a judgment or order for the payment of monetary sanctions." (Stats. 1989, ch. 1416, § 25.) The Legislature added a new subsection (k), quoted, *ante*, at pages 382-383, which essentially tracks the Judicial Council's revised amendment but lowers the threshold amount from $5,000 to $751.

In holding section 904.1, subdivision (k) applies to sanction awards exceeding $750 made under authority of the discovery statutes, the court in *Kohan* v. *Cohen* reasoned as follows:

"Although subdivision (k) refers to a sanction 'judgment,' it can be construed to refer to an order as well. First, by its terms, it refers to court actions taken prior to entry of final judgment, which generally are orders. Second, the Code of Civil Procedure elsewhere does not provide for sanction judgments but for orders imposing expenses or sanctions. (E.g., §§ 128.5, 177.5, 2023, subd. (b)(1).) Finally the legislative history of the subdivision constantly refers to the appeal of a 'judgment or order for the payment of monetary sanctions' (Assem. 3d reading digest on Assem. Bill No. 157 as amended Sept. 11, 1989; Sen. Com. on Judiciary summary of Assem. Bill No. 157 as amended Aug. 21, 1989 for Aug. 22, 1989 hg.; Assem. Com. on Judiciary digest of Assem. Bill No. 157 for May 24, 1989 hg.), indicating a legislative intent that the subdivision apply to both judgments and orders. In fact, the court, in *Mattco Forge, Inc.* v. *Arthur Young & Co.* (1990) 223 Cal.App.3d 1429 [273 Cal.Rptr. 262], construed an order imposing sanctions

for abuse of the discovery process under section 2023, subdivision (b)(1), to be a judgment within the meaning of section 904.1, subdivision (k), and thus appealable. (223 Cal.App.3d at pp. 1441-1442 and fn. 10.)" (229 Cal.App.3d at p. 970.)

The court acknowledged, however, its construction of section 904.1, subdivision (k) "clearly was not the intent of the Legislature. Rather than expand the category of appealable sanction orders, the Legislature sought to restrict it. The legislative history of the subdivision indicates the Legislature's intent was to '[e]liminate the right to appeal a judgment or order for the payment of monetary sanctions in cases where the order for payment is $750 or less. Review in such cases . . . will instead be upon the granting of a petition for an extraordinary writ.' (Assem. 3d reading digest on Assem. Bill No. 157 as amended Sept. 11, 1989; accord, Sen. Com. on Judiciary summary of Assem. Bill No. 157 as amended Aug. 21, 1989 for Aug. 22, 1989 hg.; Assem. Com. on Judiciary digest of Assem. Bill No. 157 for May 24, 1989 hg.)" Nonetheless, the court believed its construction of subdivision (k) was compelled by the "plain meaning" of the language used in the statute. (229 Cal.App.3d at p. 970)

In *Rao*, the court held a monetary discovery sanction order is not a "judgment" made appealable by subdivision (k) of section 904.1. (233 Cal.App.3d at p. 1568.) The court criticized the reasoning in *Kohan* as "confusing and contradictory." (*Id.* at p. 1563.) The court pointed out *Kohan* asserts the word "judgment" has a "plain meaning" but, on the other hand, states "[a]lthough subdivision (k) refers to a sanction 'judgment,' it can be *construed* to refer to an order as well." (*Id.* at p. 1564, quoting *Kohan, supra,* 229 Cal.App.3d at p. 970, (italics added).) The court, in *Rao*, then observed, "The analytical gap in the above reasoning is readily apparent: If the language of subdivision (k) has a 'plain meaning' there is no room for interpretation, and thus the word 'judgment' in that subdivision cannot be construed to encompass an 'order.'" (233 Cal.App.3d at p. 1564.) *Rao* also rejected *Mattco Forge* as authority for the proposition a judgment, for purposes of subdivision (k), includes a monetary discovery sanction order under section 2023. "The court in *Mattco Forge, Inc.* simply deemed 'the order imposing the [discovery] sanction of $800 as a judgment . . . to preserve its appealability, without any attendant analysis or discussion.'" (*Rao, supra,* 233 Cal.App.3d at p. 1564, fn. 6.)

After explaining why it found the reasoning in *Kohan* faulty, the *Rao* court went on to explain why it believed the word "judgment" in section 904.1, subdivision (k) could not be construed to include a monetary sanction for abuse of discovery under section 2023.

*Rao*'s analysis is as follows. ▮▮▮ Generally speaking, under the one final judgment rule interim orders are not separately appealable but are only reviewable on appeal from the final judgment. Although courts have developed an exception to this rule, allowing an appeal from a final order on a collateral matter which requires a party to immediately pay money, this "collateral order" exception has been held inapplicable to monetary discovery sanctions imposed under discovery statutes. (See, e.g., *Slemaker* v. *Woolley, supra,* 207 Cal.App.3d at p. 1382.) The distinction between appealable collateral orders and nonappealable discovery sanctions was recognized by the Legislature in amending section 904.1. In addition to adding section 904.1, subdivision (k) which only refers to sanction "judgments," the Legislature amended subdivision (a) to provide "an appellate court may, in its discretion, review a . . . *judgment or order* for the payment of monetary sanctions, upon petition for an extraordinary writ." (Stats. 1989, ch. 1416, § 25 (italics added).) The *Rao* court concluded: "From the foregoing it is clear the Legislature did not intend the words 'judgment' and 'order' to be interchangeable in section 904.1. The 'plain' language of subdivision (k) thus speaks only of a 'judgment directing payment of monetary sanctions,' not of 'a judgment or order for the payment of monetary sanctions,' which is the 'plain' language of subdivision (a)." (*Rao, supra,* 233 Cal.App.3d at p. 1567.) Therefore, the legislative intent underlying subdivision (k) was to restrict the appealability of sanction orders, not to expand their appealability to encompass a category—monetary discovery sanctions—which were not appealable before enactment of subdivision (k). (233 Cal.App.3d at p. 1567.)

Neither *Kohan* nor *Rao* referred to the Legislature's "experiment" under section 904.4 which expressly allowed appeals of discovery sanctions over $500 or the original Judicial Council proposal which would have eliminated the right to direct appeal from any sanction award. However, even with the complete legislative history of subdivision (k) before us we find the legislative intent with respect to appealability of discovery sanctions remains ambiguous.

If the Legislature had made section 904.4 applicable on a statewide basis then sanctions exceeding the threshold amount awarded under authority of the discovery statutes would clearly be appealable by reason of the reference to section 2023. (See fn. 4, *ante,* p. 383)

It could be argued that by enacting section 904.1, subdivision (k) without reference to sections 2023 or 128.5 the Legislature intended to make *all* sanction awards appealable if they exceeded the threshold amount regardless of the statutory authority for the award. Support for this argument can be found in *Laborers' Internat. Union of North America* v. *El Dorado Landscape*

*Co.* (1989) 208 Cal.App.3d 993, 999 [256 Cal.Rptr. 632], footnote 5, in which the court noted the $500 threshold of section 904.4 did not apply because the sanction award of $150 was made pursuant to section 177.5.

It can be argued just as plausibly eliminating the reference to section 2023 evidences a legislative intent not to expand the categories of appealable sanction orders beyond those already appealable under the collateral order doctrine. Support for this argument can be found in the legislative history of section 904.1, subdivision (k) described above which does make clear the intent of the amendment was to restrict, rather than expand, appellate review of sanction awards. (See *Kohan, supra,* 229 Cal.App.3d at p. 970; *Rao, supra,* 233 Cal.App.3d at p. 1567.) Further support for this argument can be found in the fact the Legislature enacted section 904.4 on a very limited basis to "assess the impact of this section." It is reasonable to conclude that having experimented with making discovery sanctions under section 2023 appealable the Legislature decided not to enact such a change on a statewide basis.

As to the legislative history reflected by the two Judicial Council proposals, it is possible to say for certain only that the Judicial Council and the Legislature found eliminating all appeals from sanction awards too drastic a step. Instead it was decided to lessen the burden of such appeals on the appellate courts by limiting appeals to sanctions in excess of a certain dollar amount. Neither the Judicial Council nor the Legislature made any specific reference to discovery sanctions.

We believe the analysis in *Rao* is essentially correct. We rely principally on the fact that under prevailing case law sanctions awarded under the discovery statutes were not appealable *before* the addition of section 904.1, subdivision (k) and the lack of any specific indication in the legislative history the Legislature intended to overrule these cases. (See *Rao, supra,* 233 Cal.App.3d at pp. 1565, 1568.) The Legislature is presumed to have knowledge of these decisions and to have taken them into account in amending section 904.1. (*Estate of McDill* (1975) 14 Cal.3d 831, 839 [122 Cal.Rptr. 754, 537 P.2d 874].) Thus, if the Legislature intended to make appealable sanction awards which were presently not appealable we would expect to find some reference to that intent in the legislative history.

Furthermore, we reject the view expressed in *Kohan, supra,* 229 Cal.App.3d at page 970, that the Legislature inadvertently made discovery sanctions appealable through poor draftmanship. Although *Kohan* and *Rao* use considerable space debating the meaning of the words "judgment" and "order," we find this debate irrelevant. The legislative history shows the Judicial Council and legislative staffs used these terms interchangeably and attached no significance to one over the other. The critical point, in our view, is that a sanction award under the discovery statutes has not been treated as appealable whether it is termed a "judgment" or an "order." (*Lund* v. *Superior Court, supra,* 61 Cal.2d at p. 709 and cases cited therein.)

We conclude, therefore, discovery sanctions awarded pursuant to section 2032, subdivision (c)(7) are not separately appealable under the existing language of section 904.1, subdivision (k) but are appealable following a final judgment under section 906.

Although we are convinced this interpretation reconciles the code provisions in a way which best implements the Legislature's evident intent, we recognize the language of these provisions creates ambiguity and inconsistency in appellate review of sanction awards. As the law now stands a discovery sanction of $751 awarded under section 128.5 is appealable but a discovery sanction more than four times that amount awarded under section 2023 is *not* appealable. Accordingly, we request the Legislature reexamine and revise section 904.1 to clarify whether discovery sanctions in excess of $750 are to be appealable.

### DISPOSITION

The appeal is dismissed as having been taken from a nonappealable order. Each party to bear its own costs on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.