[No. C010412. Third Dist. Feb. 21, 1992.]

SALLY RUSSELL, Plaintiff and Respondent, v.
GENERAL MOTORS CORPORATION, Defendant and Appellant.

**COUNSEL**

Parichan, Renberg, Crossman & Harvey and Robert G. Eliason for Defendant and Appellant.

David S. Baumwohl and J. Christopher Edwards for Plaintiff and Respondent.

OPINION

DAVIS, J.—

INTRODUCTION

In this personal injury action for compensatory and punitive damages on theories of negligence, breach of warranty, and/or strict products liability, defendant General Motors Corporation moved to compel supplemental answers to interrogatories and conditionally for costs, fees, and/or sanctions. The trial court denied the requests and imposed $1,905 in monetary sanctions on defendant pursuant to Code of Civil Procedure, section 2023, subdivision (b)(1).[1] Defendant petitioned this court for an extraordinary writ vacating the order which imposed the sanctions. The petition was denied. **(1a)** Defendant now appeals the interlocutory order imposing sanctions, which it contends is an appealable order under section 904.1, subdivision (k). We disagree and hold that a monetary discovery sanction order over $750, which is an interlocutory or interim order, is not an appealable "judgment" under subdivision (k) of section 904.1. We dismiss the appeal as having been taken from a nonappealable order; however, we point out that the order is reviewable on appeal from the final judgment in the main action.

DISCUSSION

Section 904.1, subdivision (k), provides that an appeal may be taken "[f]rom a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750). Lesser sanction judgments against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ." In *Kohan v. Cohan* (1991) 229 Cal.App.3d 967 [280 Cal.Rptr. 474], the Court of Appeal (Second Dist., Div. One) held that section 904.1, subdivision (k), supersedes the established rule by providing that interlocutory orders for discovery sanctions are appealable. (*Id.*, at pp. 970-971.)

In deciding *Kohan*, the Court of Appeal acknowledged that rather than expand the category of appealable sanction orders, the intent of the Legislature in enacting section 904.1, subdivision (k) was to " '[e]liminate the right

---

[1] Code of Civil Procedure section 2030, subdivision (*l*) provides in pertinent part: "The court shall impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel a further response to interrogatories, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (All further undesignated statutory references are to the Code of Civil Procedure.)

to appeal a judgment or order for the payment of monetary sanctions in cases where the order for payment is $750 or less. Review in such cases . . . will instead be upon the granting of a petition for an extraordinary writ.' (Assem. 3d reading digest on Assem. Bill No. 157 as amended Sept. 11, 1989; accord, Sen. Com. on Judiciary summary of Assem. Bill No. 157 as amended Aug. 21, 1989 for Aug. 22, 1989 hg.; Assem. Com. on Judiciary digest of Assem. Bill No. 157 for May 24, 1989 hg.)" (*Id.*, at p. 970.)

The court nonetheless concluded it was bound by what it believed to be the plain meaning of the language of section 904.1, subdivision (k). "Although subdivision (k) refers to a sanction 'judgment,' it can be construed to refer to an order as well. First, by its terms, it refers to court actions taken prior to entry of final judgment, which generally are orders. Second, the Code of Civil Procedure elsewhere does not provide for sanction judgments but for orders imposing expenses or sanctions. (E.g., §§ 128.5, 177.5, 2023, subd. (b)(1).) Finally, the legislative history of the subdivision constantly refers to the appeal of a 'judgment or order for the payment of monetary sanctions' (Assem. 3d reading digest on Assem. Bill No. 157 as amended Sept. 11, 1989; Sen. Com. on Judiciary summary of Assem. Bill No. 157 as amended Aug. 21, 1989 for Aug. 22, 1989 hg.; Assem. Com. on Judiciary digest of Assem. Bill No. 157 for May 24, 1989 hg.), indicating a legislative intent that the subdivision apply to both judgments and orders." (*Id.*, at p. 970.)

Recently, the Court of Appeal (Second Dist., Div. Three) held in *Rao v. Campo* (1991) 233 Cal.App.3d 1557 [285 Cal.Rptr. 691] "that a monetary discovery sanction order over $750, which is an interlocutory or interim order is not a 'judgment' for purposes of appealability under subdivision (k) of section 904.1." (*Id.*, at p. 1568.) The *Rao* court acknowledged that its decision conflicts with *Kohan, supra,* but concluded that *Kohan* did not reconcile subdivisions (a) and (k) of section 904.1 and thus failed "to distinguish between interlocutory or interim orders which are not appealable, e.g., orders imposing monetary discovery sanctions (citation), and final orders on collateral matters directing the payment of money or performance of an act, which are directly appealable, e.g., monetary sanctions under section 128.5 (citations)." (*Rao, supra,* 233 Cal.App.3d at p. 1566.)

Statutes 1989, chapter 1416, section 25, made two amendments to section 904.1, as follows:

Subdivision (a) was amended by adding the provision that ". . . an appellate court may, in its discretion, review . . . *a judgment or order for the payment of monetary sanctions,* upon petition for an extraordinary writ." (Italicized portion added by amendment of 1989.)

Subdivision (k) was added, to provide that an appeal may be taken "[f]rom a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750). Lesser sanction judgments against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."

Both *Kohan* and *Rao* acknowledge that historically an order imposing monetary discovery sanctions, regardless of the amount, has not been appealable. (*Kohan, supra,* 229 Cal.App.3d at p. 969; *Rao, supra,* 233 Cal.App.3d at p. 1561.) Both also conclude the legislative history of the 1989 amendment to section 904.1 reveals that the amendment was proposed for the purpose of reducing and limiting the class of judgments and orders imposing monetary sanctions which could be immediately and independently appealed before entry of final judgment. (*Kohan, supra,* 229 Cal.App.3d at p. 970; *Rao, supra,* 233 Cal.App.3d at p. 1563.)

Construing section 904.1, subdivisions (a) and (k) together, *Rao* came to a different conclusion regarding the plain meaning of the language of subdivision (k). "Subdivision (k) authorizes an independent and immediate appeal, i.e., direct appeal, where a monetary sanction judgment exceeds $750, but if such judgment is $750 or less then 'review on appeal' is available only after entry of final judgment in the main action or, at the discretion of the court of appeal, upon petition for an extraordinary writ.

"Subdivision (k) contains no provision for writ review where the monetary sanction judgment exceeds $750; however, such review is available pursuant to subdivision (a), which has no monetary restrictions and provides 'an appellate court may, in its discretion, review . . . a judgment or order for the payment of monetary sanctions, upon petition for an extraordinary writ." (*Rao, supra,* 233 Cal.App.3d at p. 1566.)

"[T]he Legislature did not intend the words 'judgment' and 'order' to be interchangeable in section 904.1. The 'plain' language of subdivision (k) thus speaks only of a 'judgment directing payment of monetary sanctions,' not of 'a judgment or order for the payment of monetary sanctions,' which is the 'plain' language of subdivision (a). The term 'judgment' in subdivision (k) includes only traditional final judgments and those final orders in collateral matters which are encompassed in the collateral order doctrine. A careful review of those two subdivisions in light of the legislative history of the 1989 amendment of section 904.1 and the traditional distinction between interlocutory and final orders also makes it clear that the words 'judgment'

and 'order' are not always synonymous but, instead, may refer to different types of rulings." (*Rao, supra*, 233 Cal.App.3d at p. 1567.)

■ "[T]he word 'judgment' in subdivisions (a) and (k) encompasses only judgments and those final orders on collateral matters which historically have been considered to be 'a necessary exception to the one final judgment rule.' (*In re Marriage of Skelley* [1976] 18 Cal.3d 365, 368 [134 Cal.Rptr. 197, 556 P.2d 297].) This exception does not include discovery sanction orders. The latter are intended only as a means by which a trial court can compel compliance with the rules and procedures which implement the discovery process.

"The word 'order' in subdivision (a), on the other hand, signifies interlocutory or interim orders only. Neither the legislative history nor the language of section 904.1, as amended in 1989, supports an interpretation of subdivision (k) that would make discovery sanction orders over the sum of $750 independently appealable. Such orders had never been appealable prior to the 1989 amendment of section 904.1 and there is no basis in law for construing such orders to be appealable pursuant to subdivision (k) after that amendment." (*Rao, supra*, 233 Cal.App.3d at p. 1568.)

■ We agree with the analysis in *Rao, supra*, and also conclude *Kohan* is incompatible with the language of section 904.1 when subdivisions (a) and (k) are construed together and viewed in light of the enactment in its entirety. (See e.g., *Estate of McDill* (1975) 14 Cal.3d 831, 837 [122 Cal.Rptr. 754, 537 P.2d 874]; *Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 659 [147 Cal.Rptr. 359, 580 P.2d 1155].) Thus we hold that a monetary discovery sanction order over $750, which is an interlocutory or interim order, is not an appealable "judgment" under subdivision (k) of section 904.1.

### DISPOSITION

We dismiss the appeal as having been taken from a nonappealable order; however, we point out that the order is reviewable on appeal from the final judgment in the main action.

Blease, Acting P. J., and Nicholson, J., concurred.