[No. A059537. First Dist., Div. Three. June 18, 1993.]

MILAD I. HANNA, Plaintiff and Respondent, v.
BANKAMERICA BUSINESS CREDIT, INC., Defendant and Appellant.

COUNSEL

Sheppard, Mullin, Richter & Hampton, John C. Cook and Paul H. Adams for Defendant and Appellant.

Fox & Grove, Mark I. Schickman, Kathy D. Steel and Mary L. Topliff for Plaintiff and Respondent.

OPINION

WHITE, P. J.—Security Pacific Business Credit, Inc., now known as BankAmerica Business Credit, Inc., but which for the sake of continuity will be referred to herein as "Security," appeals an order imposing a $1,500 discovery sanction. The court imposed the sanction after Security opposed a motion to compel discovery without substantial justification for doing so. (Code Civ. Proc., § 2023, subd. (a)(8).)[1] We conclude Security has appealed from a nonappealable order and therefore dismiss.

FACTS

Milad I. Hanna (Hanna) filed the underlying wrongful termination action against Security and other defendants in February of 1989. The superior court set the trial date for January 29, 1990, and set January 9, 1990, as the discovery cutoff date. Thereafter, Security moved for summary judgment, which the trial court granted in December of 1989. Hanna appealed the summary judgment, and, in an opinion filed on May 31, 1991, this division reversed the summary judgment in part and remanded the case to the superior court for further proceedings.

Following remand, the parties resumed litigating the case, and *both* exchanged discovery requests and interrogatories. However, neither party formally moved to reopen discovery.

In response to Hanna's fifth request for production of documents (filed after remand), Security produced some documents, but refused to produce others. On August 7, 1992, Hanna filed a motion to compel responses to his fifth request for production of documents and for sanctions. Security opposed the motion in part because it claimed Hanna never moved to reopen

---

[1] All subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

discovery.[2] The trial court granted the motion to compel, and imposed $1,500 in sanctions on the ground Security opposed the motion "without substantial justification." Security has appealed from the portion of the order imposing sanctions.

## DISCUSSION

As indicated, we do not reach the merits of this appeal because we conclude it has been taken from a nonappealable order. Consequently, we dismiss.

Prior to 1989, the law clearly held that orders imposing discovery sanctions were not appealable. (*Lund* v. *Superior Court* (1964) 61 Cal.2d 698, 709 [39 Cal.Rptr. 891, 394 P.2d 707]; *Slemaker* v. *Woolley* (1989) 207 Cal.App.3d 1377, 1382 [255 Cal.Rptr. 532].) However, legislation enacted in 1989 has created confusion in this area.

While orders imposing sanctions for frivolous litigation (§ 128.5) or for the violation of a court order (§ 177.5) have generally been held to be collateral and hence appealable (see, e.g., *I. J. Weinrot & Son, Inc.* v. *Jackson* (1985) 40 Cal.3d 327, 331, 341, fn. 10 [220 Cal.Rptr. 103, 708 P.2d 682]; *Caldwell* v. *Samuels Jewelers* (1990) 222 Cal.App.3d, 970, 975-976 [272 Cal.Rptr. 126]), orders imposing sanctions for the abuse of discovery have been treated differently. This distinction between discovery sanctions and other types of sanctions exists because discovery orders in a single lawsuit can be numerous and ongoing and consequently provide limitless fodder for interim appeals. (*Slemaker* v. *Woolley, supra,* 207 Cal.App.3d at p. 1382.) To discourage multiple appeals in a single action, all discovery orders, including orders imposing sanctions, have traditionally been classified as interim, nonappealable orders. (*Ibid.*)

Unfortunately, recent legislation has created uncertainty in this area. In 1989, the Legislature amended section 904.1 to add subdivision (k) (hereafter, subdivision (k)). This subdivision provides that an appeal may be taken "[f]rom a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750). Lesser sanction judgments against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."

[2]We must confess we find this objection somewhat remarkable, in light of the fact Security *itself* had previously propounded postremand discovery requests without moving to reopen discovery. Moreover, in its response to Hanna's fifth request for production of documents, Security admitted that it had not "completed its investigation of the facts relating to this case, [had] not completed discovery, and [had] not completed its preparation for trial."

This statute has created a split of authority in the Courts of Appeal. *Kohan v. Cohan* (1991) 229 Cal.App.3d 967 [280 Cal.Rptr. 474], and *Greene v. Amante* (1992) 3 Cal.App.4th 684 [4 Cal.Rptr.2d 571], hold that the amended statute makes *all* orders imposing sanctions in excess of $750 immediately appealable, including those imposing discovery sanctions. However, three appellate panels have taken the opposite view. (*Russell v. General Motors Corp.* (1992) 3 Cal.App.4th 1114, 1119 [4 Cal.Rptr.2d 750]; *Ghanooni v. Super Shuttle* (1992) 2 Cal.App.4th 380, 388-389 [3 Cal.Rptr.2d 43]; *Rao v. Campo*, (1991) 233 Cal.App.3d 1557, 1567-1568 [285 Cal.Rptr. 691].) We now add our voice to this cacophony.

Under the view espoused in *Kohan*, the first case to consider the question, the language of subdivision (k) is too clear to allow any distinction between discovery sanctions and other kinds of sanctions, even though the legislative history of the amendment makes it clear the Legislature meant to restrict the right to appeal from sanction orders, not broaden it to include orders imposing discovery sanctions. (*Kohan v. Cohan, supra*, 229 Cal.App.3d at p. 970.) "Rather than expand the category of appealable sanction orders, the Legislature sought to restrict it. The legislative history of the subdivision indicates the Legislature's intent was to '[e]liminate the right to appeal a judgment or order for the payment of monetary sanctions in cases where the order for payment is $750 or less. Review in such cases . . . will instead be upon the granting of a petition for an extraordinary writ.' " (*Ibid.*, quoting Assem. 3d reading digest on Assem. Bill No. 157 as amended Sept. 11, 1989.)

In *Rao v. Campo, supra*, 233 Cal.App.3d 1557, the *Kohan* analysis was rejected by another panel of the same court.[3] The *Rao* court, in comparing the various uses of the terms "judgment" and "order" as they appear in section 904.1, concluded the term "judgment," as used in subdivision (k), "encompasses only judgments and those final orders on collateral matters which historically have been considered to be 'a necessary exception to the one final judgment rule.' " (*Rao, supra*, at p. 1568.) Because orders imposing discovery sanctions fall into neither category, *Rao* concluded they were not "judgments" and were therefore not made appealable by subdivision (k).

[3]Kohan was decided by Division One of the Second District. Two other panels of the Second District have found discovery sanctions orders not appealable and have criticized *Kohan*. (*Rao v. Campo, supra*, 233 Cal.App.3d 1557 [Second Dist., Div. Three, Sept. 12, 1991]; *Ghanooni v. Super Shuttle, supra*, 2 Cal.App.4th 380 [Second Dist., Div. Seven, Jan. 6, 1992].) The Third District has agreed that discovery sanctions are not appealable (*Russell v. General Motors Corp., supra*, 3 Cal.App.4th 1114 [Third Dist., Feb. 21, 1992]), but the Fourth District has agreed with *Kohan* that such sanctions were made appealable by subdivision (k) if in excess of $750. (*Greene v. Amante, supra*, 3 Cal.App.4th 684 [Fourth Dist., Div. Three, Feb. 11, 1992].) This district has not yet taken a position on the issue in a published case.

(*Rao, supra,* at p. 1568.) *Rao*'s conclusion rests on the determination that the intent of subdivision (k) was to restrict the number of appeals taken from collateral sanction orders by limiting such appeals to cases involving more than $750. In light of this intent, *Rao* reasoned the Legislature could not have also intended to extend the right of appeal to include a category of order which had never been separately appealable. (*Rao, supra,* at p. 1563.)

*Ghanooni* v. *Super Shuttle, supra,* 2 Cal.App.4th 380 and *Russell* v. *General Motors Corp., supra,* 3 Cal.App.4th 1114 followed *Rao.* In *Ghanooni,* after a thorough explanation of the legislative history of subdivision (k), the court concluded the evidence of the Legislature's intent was at best ambiguous. (*Ghanooni, supra,* at pp. 387-388.) However, like *Rao,* the court reasoned that the Legislature was unlikely to have intended to abrogate well-established law without referring to that intent in the legislative record. (*Ghanooni, supra,* at p. 388.) Accordingly, *Ghanooni* concluded discovery sanction orders remain nonappealable. In *Russell,* the court also adopted the *Rao* analysis. (*Russell, supra,* at pp. 1118-1119.)

In *Greene* v. *Amante,* 3 Cal.App.4th 684, however, the majority concluded subdivision (k) makes discovery sanctions in excess of $750 appealable. The *Greene* majority found that "every relevant document [in the legislative record] states in essence that the amendment would eliminate the right of appeal 'from a judgment or order' directing sanctions in an amount less than $750." (*Greene, supra,* at pp. 688-689 [quoting legislative materials], italics omitted.) From that, the *Greene* majority found "[t]he legislative history makes it clear that the Legislature thought the terms 'order' and 'judgment' were synonymous, at least as far as sanctions were concerned." (*Id.,* at p. 689.) Accordingly, because its reading of subdivision (k) indicated the subdivision applied to all judgments and orders imposing sanctions, the *Greene* majority concluded the language of subdivision (k) by its terms made all sanction orders appealable so long as the sanction imposed exceeded $750. (*Greene, supra,* at p. 690.) The dissenting justice, in a short opinion, expressed his belief that *Rao* and *Ghanooni* were correctly decided, again emphasizing the two factors that led those courts to find the sanction orders not appealable; viz., first, that the Legislature would not have made such a sweeping change without some reference to its purpose in the legislative history, and second, that because the purpose of the legislation was to restrict the right of appeal, it would be inconsistent to construe the language to extend that right to previously nonappealable orders. (*Id.,* at pp. 690-692 (dis. opn. of Crosby, J.).)

In arriving at our own view, we do not retrace the extensive analysis undertaken in *Kohan, Rao, Ghanooni,* and *Greene.* That ground has been

well and ably trampled, and our repetition of the work done in those cases would add little to the controversy. It is enough to say that as to one of the primary points discussed in all of the cases there is little controversy: namely, that the Legislature intended subdivision (k) to restrict rather than expand the right of appeal from sanction orders. (*Russell* v. *General Motors Corp.*, *supra*, 3 Cal.App.4th at pp. 1118-1119; *Greene* v. *Amante*, *supra*, 3 Cal.App.4th at pp. 688, 691 (dis. opn. of Crosby, J.); *Ghanooni* v. *Super Shuttle*, *supra*, 2 Cal.App.4th at p. 388; *Rao* v. *Campo*, *supra*, 233 Cal.App.3d at p. 1563; *Kohan* v. *Cohan*, *supra*, 229 Cal.App.3d at p. 970.) Beyond that point, however, there is little agreement on the interpretation of legislative intent except that it is unclear. (See, e.g., *Ghanooni*, *supra*, at p. 388.)

In our view, this is the essential point which must guide our interpretation of subdivision (k): The clear purpose of subdivision (k) is to restrict, rather than expand, the right to appeal from sanctions orders. It would be anomalous to create a whole new class of appealable orders on the basis of a statute which was intended to limit such appeals.

Nevertheless, we acknowledge that, as long as there are conflicting interpretations in the Courts of Appeal, attorneys will continue to appeal discovery orders before final judgment. Consequently, we call on the Legislature and our Supreme Court to provide guidance on this issue in order to ensure uniformity throughout the state.

The appeal is dismissed.

Merrill, J., and Werdegar, J., concurred.