[No. H011266. Sixth Dist. Oct. 28, 1993.]

JEWEL PETERSON, a Minor, etc., et al., Plaintiffs and Appellants, v. GENERAL MOTORS CORPORATION, et al., Defendants and Respondents.

### COUNSEL

Becker & Becker and Geoffrey Becker for Plaintiffs and Appellants.

Bowman and Brooke, Anne O. Hanna and David S. Killoran for Defendants and Respondents.

### OPINION

**WUNDERLICH, J.**—In this case, we hold that orders awarding discovery sanctions are not separately appealable orders.

### PROCEDURAL BACKGROUND

The order at issue here arises from a discovery dispute in a wrongful death and personal injury action brought by plaintiff Dale Peterson and his children against defendant General Motors Corporation and others after a vehicle accident in which Cheryl Peterson (wife and mother) was killed. Defendant served special interrogatories on December 23, 1992. Plaintiffs objected to many of the interrogatories on various grounds, including: that they were conjunctive or disjunctive; that they contained subparts; and that they sought irrelevant information. Following the failure of the parties' attempt to meet and confer, defendant filed a motion to compel further answers and for sanctions for failure to respond to discovery. By order filed April 19, 1993,

the trial court granted the motion to compel discovery (with minor exception) and awarded sanctions against plaintiffs in the amount of $1,250. On May 6, 1993, this court denied plaintiffs' petition for writ of mandate (*Peterson* v. *Superior Court* (May 6, 1993) H011165 [nonpub. opn.]). On May 13, 1993, plaintiffs filed an appeal from that part of the order imposing sanctions. On August 16, 1993, defendant moved to dismiss the appeal.

## DISCUSSION

■ The question raised is whether an order imposing discovery sanctions in the amount of $1,250 is appealable. (Code Civ. Proc., § 2023.) Plaintiffs rely on Code of Civil Procedure section 904.1, subdivision (k), providing that an appeal may be taken: "From a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750)."[1] But this reliance may well be misplaced. As cogently explained by the First District in *Hanna* v. *BankAmerica Business Credit, Inc.* (1993) 16 Cal.App.4th 913 [20 Cal.Rptr.2d 430], this 1989 amendment to Code of Civil Procedure section 904.1 has created uncertainty and confusion, and indeed, the Courts of Appeal are divided in their conclusions.[2] "Prior to 1989, the law clearly held that orders imposing discovery sanctions were not appealable. . . . [¶] While orders imposing sanctions for frivolous litigation ([Code Civ. Proc.,] § 128.5) or for the violation of a court order ([Code Civ. Proc.,] § 177.5) have generally been held to be collateral and hence appealable . . . , orders imposing sanctions for the abuse of discovery have been treated differently. This distinction between discovery sanctions and other types of sanctions exists because discovery orders in a single lawsuit can be numerous and ongoing and consequently provide limitless fodder for interim appeals. . . . To discourage multiple appeals in a single action, all discovery orders, including orders imposing sanctions, have traditionally been classified as interim, nonappealable orders. . . ." (*Hanna, supra,* 16 Cal.App.4th at p. 915, citations omitted.) The *Hanna* court concluded that because the clear purpose of section 904.1, subdivision (k) is to restrict, rather than expand, the right to appeal from sanctions orders, such orders are not appealable. (16 Cal.App.4th at p. 918.)

[1]The subdivision further provides: "Lesser sanction judgments against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ." (Code Civ. Proc., § 904.1, subd. (k).)

[2]In the following cases, the Courts of Appeal have concluded discovery sanctions orders are not appealable: *Russell* v. *General Motors Corp.* (1992) 3 Cal.App.4th 1114 [4 Cal.Rptr.2d 750] (Third Dist.); *Ghanooni* v. *Super Shuttle* (1992) 2 Cal.App.4th 380 [3 Cal.Rptr.2d 43] (Second Dist., Div. Seven); *Rao* v. *Campo* (1991) 233 Cal.App.3d 1557 [285 Cal.Rptr. 691] (Second Dist., Div. Three). Two courts have disagreed: *Greene* v. *Amante* (1992) 3 Cal.App.4th 684 [4 Cal.Rptr.2d 571] (Fourth Dist., Div. Three) and *Kohan* v. *Cohan* (1991) 229 Cal.App.3d 967 [280 Cal.Rptr. 474] (Second Dist., Div. One).

Although this is rapidly becoming the majority view, two Courts of Appeal have come to the opposite conclusion based on either the "plain meaning" of the statute or the interchangeable use of the terms "order" and "judgment" by the Legislature. (See *Kohan* v. *Cohan, supra,* 229 Cal.App.3d 967, 970 and *Greene* v. *Amante, supra,* 3 Cal.App.4th 684, 689.) We disagree.

We need not repeat the detailed analysis of other courts. Virtually all observe that the primary factor is the Legislature's intent to restrict rather than expand the right of appeal from sanction orders. (*Russell* v. *General Motors Corp., supra,* 3 Cal.App.4th at pp. 1118-1119; *Ghanooni* v. *Super Shuttle, supra,* 2 Cal.App.4th at p. 388; *Rao* v. *Campo, supra,* 233 Cal.App.3d at p. 1563; see also *Greene* v. *Amante, supra,* 3 Cal.App.4th at pp. 688, 691 (dis. opn. of Crosby, J.); *Kohan* v. *Cohan, supra,* 229 Cal.App.3d at p. 970.) We agree with the conclusion in *Hanna* and other cases that the primary aim of the Legislature to restrict the class of appealable orders should not be undermined by an expansive reading of the term "judgment." We reject plaintiffs' assertion that the plain meaning of the subdivision is clear and unambiguous: if so, then certainly only judgments would be appealable, not orders. (*Rao* v. *Campo, supra,* 233 Cal.App.3d at p. 1567; see also Code Civ. Proc., §§ 577, 1003.) Plaintiffs' ability to challenge the order imposing discovery sanctions is adequately protected by their right of appeal after final judgment.

Finally, we echo the First District's call for further guidance from the Supreme Court or clarification by the Legislature. (See *Hanna* v. *BankAmerica Business Credit, Inc., supra,* 16 Cal.App.4th at p. 918.)

The appeal is dismissed.

Premo, Acting P. J., and Elia, J., concurred.