[No. A061786. First Dist., Div. Five. Dec. 16, 1993.]

THOMAS O. BALLARD, Plaintiff and Appellant, v.
EDWIN TAYLOR, Defendant and Respondent.

**COUNSEL**

Thomas P. Bucy for Plaintiff and Appellant.

Stephen M. Mackouse for Defendant and Respondent.

## Opinion

## KING, J.—

### I. Introduction

In this case we hold that: (1) orders imposing monetary discovery sanctions are not made appealable by subdivision (k) of Code of Civil Procedure section 904.1, and (2) even if they were, the order challenged in this case could not be appealed because the amount of the sanction did not exceed the statutory appealability threshold of $750. Thomas O. Ballard purports to appeal from an order imposing discovery sanctions of $714. We dismiss the appeal.

### II. Background

This purported appeal arises from discovery proceedings in a pending landlord-tenant dispute. Tenant Edwin Taylor moved to compel production of documents by landlord Thomas O. Ballard. Taylor also requested discovery sanctions in the amount of $714 ($700 for four hours of attorney time at $175 per hour plus $14 in filing fees). (Code Civ. Proc., § 2023, subd. (b)(1).) A court commissioner granted the motion and ordered Ballard and his attorney to pay $714 to Taylor's attorney. Ballard filed a notice of appeal specifying the order for payment of sanctions.

### III. Discussion

Review of this order imposing monetary sanctions is governed by subdivision (k) of Code of Civil Procedure section 904.1, which permits an appeal from "a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750). Lesser sanction judgments against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."

There is a split of authority as to whether orders imposing monetary *discovery* sanctions are immediately appealable. The majority view is that such orders, which were nonappealable prior to the 1990 effective date of Code of Civil Procedure section 904.1 subdivision (k) (see, e.g., *Slemaker v. Woolley* (1989) 207 Cal.App.3d 1377, 1382 [255 Cal.Rptr. 532]), are still nonappealable even if the amount of the sanction exceeds $750. (*Hanna* v. *BankAmerica Business Credit, Inc.* (1993) 16 Cal.App.4th 913 [20 Cal.Rptr.2d 430]; *Peterson* v. *General Motors* (1993) 19 Cal.App.4th 1330 [23 Cal.Rptr.2d 768, 769]; *Russell* v. *General Motors Corp.* (1992) 3 Cal.App.4th 1114, 1119 [4 Cal.Rptr.2d 750]; *Ghanooni* v. *Super Shuttle* (1992) 2 Cal.App.4th 380, 388-389 [3 Cal.Rptr.2d 43]; *Rao* v. *Campo* (1991)

233 Cal.App.3d 1557, 1566-1568 [285 Cal.Rptr. 691].) The minority view is that subdivision (k) makes such orders immediately appealable if the amount of the sanction exceeds $750. (*Greene* v. *Amante* (1992) 3 Cal.App.4th 684, 690 [4 Cal.Rptr.2d 571]; *Kohan* v. *Cohan* (1991) 229 Cal.App.3d 967, 969-971 [280 Cal.Rptr. 474].)

■ We agree with the majority and conclude that orders imposing monetary discovery sanctions are nonappealable under Code of Civil Procedure section 904.1, subdivision (k) regardless of the amount of the sanction. As explained in *Hanna*, the ". . . distinction between discovery sanctions and other types of sanctions exists because discovery orders in a single lawsuit can be numerous and ongoing and consequently provide limitless fodder for interim appeals. [Citation.] To discourage multiple appeals in a single action, all discovery orders, including orders imposing sanctions, have traditionally been classified as interim, nonappealable orders. [Citation.]" (*Hanna* v. *BankAmerica Business Credit, Inc.*, *supra*, 16 Cal.App.4th at p. 915.) "In arriving at our own view, we do not retrace the extensive analysis undertaken in *Kohan*, *Rao*, *Ghanooni*, and *Greene*. That ground has been well and ably trampled, and our repetition of the work done in those cases would add little to the controversy. It is enough to say that as to one of the primary points discussed in all of the cases there is little controversy: namely, that the Legislature intended subdivision (k) to restrict rather than expand the right of appeal from sanction orders. [Citations.]" (*Id.* at pp. 917-918.) "In our view, this is the essential point which must guide our interpretation of subdivision (k): The clear purpose of subdivision (k) is to restrict, rather than expand, the right to appeal from sanctions orders. It would be anomalous to create a whole new class of appealable orders on the basis of a statute which was intended to limit such appeals." (*Id.* at p. 918.)[1]

Although a decisive majority view against appealability has emerged, we join the *Hanna* court in urging our Supreme Court and Legislature "to provide guidance on this issue in order to ensure uniformity throughout the state." (*Hanna* v. *BankAmerica Business Credit, Inc.*, *supra*, 16 Cal.App.4th at p. 918.)

■ In any event, because the amount of the present sanction does not exceed $750, the order is nonappealable even under the minority approach. Ballard argues the statutory proscription against immediate appeal applies

[1]Code of Civil Procedure section 904.1 has been amended effective January 1, 1994. Subdivision (k) is replaced by subdivisions (a)(11), (a)(12) and (b). The amendment increases the sanctions appealability threshold to $5,000 and expands the right of appeal to encompass an "order" as well as "an interlocutory judgment." (Stats. 1993, ch. 456, § 12.) The question whether discovery sanctions exceeding $5,000 are made appealable by the amended statute's more expansive language is not before us, and we express no opinion on that point.

only to an order for payment of sub-$750 sanctions by "a party *or* an attorney for a party" (Code Civ. Proc., § 904.1, subd. (k), italics added), whereas here the sanctions are to be paid by Ballard *and* his attorney. But the legislative history of subdivision (k) indicates that the proper focus is on the amount of the sanction imposed, not who is to pay it. "[T]he Legislature's intent was to '[e]liminate the right to appeal a judgment or order for the payment of monetary sanctions in cases *where the order for payment is $750 or less.* Review in such cases . . . will instead be upon the granting of a petition for an extraordinary writ.' (Assem. 3d reading digest on Assem. Bill No. 157 as amended Sept. 11, 1989; accord, Sen. Com. on Judiciary summary of Assem. Bill No. 157 as amended Aug. 21, 1989 for Aug. 22, 1989 hg.; Assem. Com. on Judiciary digest of Assem. Bill No. 157 for May 24, 1989 hg.)" (*Kohan* v. *Cohan, supra,* 229 Cal.App.3d at p. 970, italics added.) Here, the order for payment is less than $750. It is clear the Legislature intended all such orders to be nonappealable. This narrow construction of subdivision (k) is consistent with its purpose of restricting the number of appeals from sanctions orders.

■ Ballard urges that if we conclude the order is nonappealable, we should treat the purported appeal as a writ petition. But the exercise of that option is reserved for "unusual circumstances." (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 401 [197 Cal.Rptr. 843, 673 P.2d 720].) "Routine granting of requests to treat improper appeals as writs where there are no exigent reasons for doing so would only encourage parties to burden appellate courts with reviews of intermediate orders." (*Estate of Weber* (1991) 229 Cal.App.3d 22, 25 [280 Cal.Rptr. 22].) Ballard has shown no exigent reasons why review of this sub-$750 discovery sanctions ruling should not await the rendition of a final judgment, so as to avoid multiple piecemeal appellate dispositions. (See *Kinoshita* v. *Horio* (1986) 186 Cal.App.3d 959, 966-967 [231 Cal.Rptr. 241].)

## IV. DISPOSITION

The appeal is dismissed.

Peterson, P. J., and Haning, J., concurred.