Filed 3/19/13  Leeyer v. Pro Circuit Products CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ELY LEEYER, | D059660 |
| Plaintiff, | |
| v. | (Super. Ct. No. 37-2009-97053) |
| PRO CIRCUIT PRODUCTS, INC., | |
| Defendant and Respondent; | |
| DAVID C. SKYER, | |
| Real Party in Interest and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Lisa A. Foster, Judge.  Affirmed.

Attorney David C. Skyer appeals from an order imposing sanctions on him in the amount of $6,400 for misuse of the discovery process under Code of Civil Procedure

section 2023.030.[1]  We conclude that the trial court did not abuse its discretion in imposing sanctions, and accordingly we affirm the sanctions order.

I

FACTUAL AND PROCEDURAL BACKGROUND

Ely Leeyer, represented by Skyer, filed a complaint against Pro Circuit Products, Inc. (Pro Circuit), alleging that he was physically injured by a defective motorcycle handlebar mount sold by Pro Circuit.

During discovery, Leeyer sought to obtain from Pro Circuit a list of its customers who had purchased the bar mount at issue.  In its opposition to Leeyer's motion to compel production of the bar mount customer list, Pro Circuit requested a protective order concerning the customer list, including "an order limiting the manner and means such any [*sic*] customers may be contacted."

At the hearing on the motion to compel, the trial court ruled that Pro Circuit would be ordered to turn over the customer list, but that contact with the customers would be through a letter drafted by the parties and approved by the court, asking whether the customers had complained to Pro Circuit about the bar mounts.  The parties submitted proposed customer letters and objections to the trial court.

At a subsequent hearing, the trial court ordered that Pro Circuit's draft customer letter be used.  The trial court ruled that the letter could instruct customers to send responses to Skyer's address instead of to a third party service, but that Skyer's letterhead

---

[1]    Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

and telephone number were *not* to appear on the letter. Specifically, the trial court stated, that the letter is "not on Mr. Skyer's letterhead. His phone number is not to appear on the face of the letter." Skyer agreed to send out the customer letter as approved by the trial court.

Pro Circuit found out when it received a call from a customer that Skyer had sent out a customer letter that, in two different ways, did not conform to what the trial court had approved. First, the customer letter was on Skyer's letterhead, which contained his phone number, fax number and Web site address. Second, Skyer changed the phase "*We* are trying to determine if you ever contacted Pro Circuit" about problems with the bar mount to "*I* am trying to determine of you ever contacted Pro Circuit." (Italics added.)

Pro Circuit filed an ex parte application seeking an order shortening time for a sanctions motion, the issuance of an OSC for contempt and an order compelling compliance with the court order for any future customer letters. At the hearing on the ex parte application Skyer stated, "I forgot about the fact that you had said it shouldn't go out on my letterhead" and claimed "I never saw the letter before it went out . . . ." The court expressed the view that "it was not a minor issue that should have been missed," and granted ex parte relief by ordering Skyer to refrain from speaking with any Pro Circuit customers who called because of the letter.

Pro Circuit then filed a noticed motion for monetary, issue and evidentiary sanctions. Specifically, pursuant to section 2023.030, subdivision (a), Pro Circuit sought

3

(1) monetary sanctions against Skyer for discovery misuse in the amount of $6,460;[2] and

(2) issue and evidentiary sanctions preventing Leeyer from introducing evidence obtained as a result of the customer letter.  Further, pursuant to section 177.5,[3] Pro Circuit sought a monetary sanction against Skyer in the amount of $1,500 for violating a court order.  In support of its position that Skyer intentionally violated the court's order, Pro Circuit's motion included a discussion of other instances of Skyer's conduct during the litigation that it believed showed a pattern of intentional misconduct.

In Skyer's opposition to the sanctions motion, he stated that he inadvertently sent out the customer letter on his letterhead because he forgot what the trial court had said at the hearing and therefore did not correctly instruct his staff.  He also argued that he did not engage in any other instance of misconduct throughout the litigation.  Skyer did not take issue with the amount of monetary sanctions requested by Pro Circuit, either in his written opposition or at the hearing on the motion.

The trial court's tentative ruling on the sanctions motion denied the monetary sanctions that Pro Circuit sought under section 177.5, and it denied the request for evidence and issue sanctions.  The trial court cited Skyer's claim in his declaration that his noncompliance with the court's order was unintentional, and it observed that

---

[2]     As explained in a declaration from Pro Circuit's counsel, the request for sanctions in the amount of $6,460 was based on 32.3 hours of attorney time spent researching and preparing the ex parte application and subsequent noticed motion for sanctions.

[3]     Section 177.5 provides for sanctions of up to $1,500 for "any violation of a lawful court order . . . done without good cause or substantial justification."

4

imposition of issue and evidentiary sanctions is a drastic measure. However, the tentative ruling indicated that the trial court would grant the request for monetary sanctions against Skyer for misuse of the discovery process, with the amount of sanctions to be considered at the upcoming hearing.

At the hearing on the sanctions motion, the court expressed doubt as to Skyer's excuse for violating the court order, but explained that it did not need to decide — for the purpose of imposing monetary sanctions on Skyer — whether Skyer acted intentionally. The trial court stated, "I have my concerns about whether the excuse proffered is valid. . . . [A]nd frankly I'm not sure I care because it was a court order. In the court's view, it was explicit, it was done for a reason, and it was violated. And under discovery sanctions or misuse of the discovery device, it doesn't matter whether it was intentional or unintentional. It was done. But counsel's conduct can't, in the court's view, in this instance prejudice the client and the client's right to have a fair trial. So that's why the court is not . . . prepared at this point . . . to impose issue sanctions or evidentiary sanctions." Later the court stated, "It's impossible, Mr. Skyer, for me to believe that you forgot. I'm sorry, Mr. Skyer, it's not credible. We went through this letter for a very long time. It was the focus . . . ."

The trial court imposed monetary sanctions on Skyer in the amount of $6,400.

Skyer appeals from the sanctions order under the provision allowing immediate appeal of discovery sanctions exceeding $5,000. (§ 904.1, subd. (a)(12).)

5

II

DISCUSSION

A.    *Standard of Review*

We apply an abuse of discretion standard of review to the trial court's order imposing discovery sanctions. (*Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants* (2007) 148 Cal.App.4th 390, 401.) "A court's decision to impose a particular sanction is 'subject to reversal only for manifest abuse exceeding the bounds of reason . . .'" (*Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1183), as is the trial court's decision on the amount of sanctions (*Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 294 (*Parker*) [abuse of discretion review]). To the extent that we review the trial court's findings of fact, we apply a substantial evidence standard of review (*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1479), and if "reviewing the sanction order requires us to construe the applicable discovery statutes, we do so de novo, without regard to the trial court's ruling or reasoning" (*Sinaiko*, at p. 401).

B.    *The Sanctions Were Properly Issued for Misuse of the Discovery Process*

The trial court imposed sanctions on Skyer pursuant to section 2023.030, subdivision (a), which states that "[t]he court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct. . . . If a monetary sanction is authorized by any provision of this title, the court shall impose that sanction unless it finds that the one

6

subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."  Skyer contends that sanctions were not authorized by that provision because, in acting contrary to the trial court's order to omit his letterhead from the customer letter, he was not engaged in a "misuse of the discovery process" as that term is used in section 2023.030, subdivision (a).

Skyer specifically argues that he cannot be sanctioned for misuse of the discovery process because he was not engaged in any of the recognized discovery methods identified in the Code of Civil Procedure when the sanctionable conduct took place. Skyer argues that sending out the customer letter did not involve interrogatories, depositions, document production, physical or mental examinations, requests for admission or expert witness exchanges, which are the discovery methods listed in section 2019.010, and therefore he did not engage in misuse of the discovery process in connection with the customer letter.  We disagree.

Section 2023.010 explains the meaning of the term "misuse of the discovery process."  It states that "[m]isuses of the discovery process *include, but are not limited to*" a list of the following nine items:

> "(a)    Persisting, over objection and without substantial justification, in an attempt to obtain information or materials that are outside the scope of permissible discovery.
>
> "(b)    Using a discovery method in a manner that does not comply with its specified procedures.
>
> "(c)    Employing a discovery method in a manner or to an extent that causes unwarranted annoyance, embarrassment, or oppression, or undue burden and expense.

7

"(d)     Failing to respond or to submit to an authorized method of discovery.

"(e)     Making, without substantial justification, an unmeritorious objection to discovery.

"(f)     Making an evasive response to discovery.

"(g)     Disobeying a court order to provide discovery.

"(h)     Making or opposing, unsuccessfully and without substantial justification, a motion to compel or to limit discovery.

"(i)     Failing to confer in person, by telephone, or by letter with an opposing party or attorney in a reasonable and good faith attempt to resolve informally any dispute concerning discovery, if the section governing a particular discovery motion requires the filing of a declaration stating facts showing that an attempt at informal resolution has been made."
(§ 2023.010, italics added.)

Importantly, the list is nonexhaustive, and it establishes that the Legislature intended the term "misuse of the discovery process" to apply broadly to a wide range of misconduct related to the conduct of discovery during litigation.  As the list shows, the Legislature defined the term "misuse of the discovery process" in an expansive manner rather than, as Skyer argues, limiting it to misconduct that occurs while engaged in one of the methods of discovery described in section 2019.010.  Case law similarly recognizes that the Legislature's list of misuses of the discovery process is illustrative, not exhaustive and includes many types of misconduct occurring in the course of discovery practice. (*Palm Valley Homeowners Assn., Inc. v. Design MTC* (2000) 85 Cal.App.4th 553, 563-564 [the statutory list of sanctionable discovery abuses is not exclusive, so that misuse of the discovery process included nonenumerated misconduct of knowingly participating in discovery on behalf of a suspended corporation]; *Mattco Forge, Inc. v. Arthur Young &*

8

*Co.* (1990) 223 Cal.App.3d 1429, 1441 [motion for reconsideration of a discovery sanction award is a misuse of the discovery process even though not constituting a type of misconduct enumerated in the statute].)

Here, Skyer's misconduct was committed within the discovery process because the order that he violated was made as part of the parties' litigation of discovery disputes. Specifically, the trial court's order regarding the content of the customer letter was part of a ruling on a motion to compel production filed by Skyer to obtain Pro Circuit's customer list. As a motion to compel production is a recognized part of the discovery process, it is clear to us that the trial court's ruling on that motion was also part of the discovery process in this action, as was Skyer's failure to comply with the terms of the trial court's discovery order. Skyer's lack of compliance with the trial court's discovery order constituted a misuse of the discovery process, just as "[d]isobeying a court order to provide discovery . . ." constitutes a misuse of the discovery process as described in section 2023.010. (*Id.*, subd. (g).)

Instead of focusing on the fact that he violated an order in this case that was made in a ruling on a discovery motion, Skyer argues that the conduct for which he was sanctioned was not a misuse of the discovery process because he was "sanctioned . . . for the manner in which he conducted an investigation of third party witnesses *outside* the discovery process."[4] This argument lacks merit because it mischaracterizes the basis for

---

4    Similarly, Skyer argues that he should not have been sanctioned for how he chose to conduct third party witness investigation, which he characterizes as attorney "work product."

9

the trial court's sanctions award. Skyer was not sanctioned because of how he chose to investigate third party witnesses; he was sanctioned because he violated a court order made in connection with a motion to compel the production of Pro Circuit's customer list and therefore misused the discovery process.

C.      *Monetary Sanctions Do Not Require a Finding of Intentional Misconduct*

Skyer also contends that the trial court erred in imposing sanctions for misuse of the discovery process because it did not make a finding that he committed intentional misconduct. This argument fails because monetary sanctions for misuse of the discovery process may be imposed regardless whether the misconduct was willful. The applicable statute "does not require a misuse of the discovery process to be *willful* before monetary sanctions may be imposed." (*Kohan v. Cohan* (1991) 229 Cal.App.3d 967, 971 (*Kohan*), italics added; see also *Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1291 ["willfulness is no longer a requirement for the imposition of discovery sanctions"].)

Instead, current law removes the willfulness requirement present in the former law, and places the burden on the sanctioned party to justify his conduct, in that the law now "allows one against whom sanctions are sought to show *substantial justification* to avoid the imposition of sanctions." (*Kohan*, *supra*, 229 Cal.App.3d at p. 971, italics added; see also § 2023.030, subd. (a) [monetary sanctions to be imposed unless court finds that the subject of the sanctions "acted with substantial justification"].)[5] Further,

---

5      Some case law states that, absent exceptional circumstances, *nonmonetary* sanctions should not be ordered absent a finding of willful misconduct (*Lee v. Lee* (2009) 175 Cal.App.4th 1553, 1559; *Biles v. Exxon Mobil Corp.* (2004) 124 Cal.App.4th 1315,

10

the trial court was not required to make a specific finding that Skyer acted without substantial justification. (*Parker*, *supra*, 149 Cal.App.4th at p. 294 ["The court need not make an explicit finding the exception [for acting with substantial justification] does not exist as this is implied in the order awarding sanctions."].) It is clear from the trial court's comments that it was *not* making a finding that Skyer was substantially justified in violating the court's order.[6]

We therefore conclude that the trial court properly imposed monetary sanctions for Skyer's misuse of the discovery process regardless of whether Skyer intentionally violated the court's order.

D.    *Skyer's Challenge to the Amount of the Sanctions Is Without Merit*

Skyer contends that the trial court abused its discretion in imposing sanctions in the amount of $6,400.

As we have explained, the amount of $6,400 is based on the attorney fees incurred by Pro Circuit when it filed its ex parte application and a noticed motion for sanctions

---

1327), but those cases do not apply here because the trial court imposed only *monetary* sanctions.

[6]    In his brief, Skyer states that "[t]he trial court accepted that Skyer's mistake was inadvertent and unintentional." That description is not accurate. The trial court did not state that it found it credible that Skyer made an inadvertent mistake. Instead, the trial court's tentative ruling simply observed that Skyer had *claimed* in his declaration that he made an inadvertent mistake, and at the hearing the trial court explained that it *did not need to decide* whether Skyer acted intentionally, as such a finding was not required for the imposition of monetary sanctions. Indeed, if anything, the record suggests that the trial court *disbelieved* Skyer's excuse, as it stated, "It's impossible, Mr. Skyer, for me to believe that you forgot. I'm sorry, Mr. Skyer, it's not credible."

11

after it discovered Skyer's violation of the court order. Skyer contends that the trial court improperly imposed sanctions in the full amount of attorney fees incurred associated with those proceedings because Pro Circuit was "largely[ ]unsuccessful" insofar as it did not prevail in obtaining evidentiary or issue sanctions, or in obtaining relief under section 177.5. We disagree.

Section 2023.030, subdivision (a) authorizes sanctions constituting "the reasonable expenses, including attorney fees, incurred by anyone as a result of" a misuse of the discovery process. (*Ibid*.) Based on this provision, "[a] monetary discovery sanction may be based not only on attorney's fees and costs, but also on any other reasonable expenses incurred." (*Argaman v. Ratan* (1999) 73 Cal.App.4th 1173, 1179.) As relevant in this case, monetary sanctions may include the reasonable attorney fees incurred in seeking the imposition of sanctions following a party's violation of a court's discovery orders. (*In re Marriage of Niklas* (1989) 211 Cal.App.3d 28, 38.)

Here, the trial court could reasonably conclude that (1) the portion of the motion seeking evidentiary and issue sanctions was filed as a direct result of Skyer's violation of the court order, and (2) it was reasonable for Pro Circuit to incur the attorney fees associated with that portion of the motion, as there was a valid legal argument for the imposition of issue and evidentiary sanctions.[7] Further, Skyer presented no evidence that the rates charged by Pro Circuit's counsel were unreasonable. Thus, the imposition of a

---

[7] We reject, as completely unsupported and speculative, Skyer's claim that, if he had been approached by Pro Circuit prior to its filing of the sanctions motion, he would have agreed to make admissions of misconduct that could have saved some of the expense of litigating the sanctions motion.

12

sanction in the full amount of the attorney fees incurred by Pro Circuit as a result of Skyer's violation of the court's order was well within the discretion of the trial court.

## DISPOSITION

The order imposing sanctions on Skyer is affirmed.

IRION, J.

WE CONCUR:

McCONNELL, P. J.

HUFFMAN, J.

13