Filed 9/18/15  P. v. Heath CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ADAM HEATH,<br><br>    Defendant and Appellant. | D067544<br><br><br><br>(Super. Ct. No. SCN333657-1) |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed as modified.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

Adam Heath pled guilty to multiple drug and firearm-related offenses and evading police. The court sentenced him to 19 years in prison, which included a consecutive one-year four-month term on a charge of possessing ammunition and a consecutive three-year term for a firearm enhancement relating to a transportation of controlled substances charge. On appeal, Heath contends the trial court violated Penal Code section 654[1] by failing to stay sentence on the possession of ammunition count and the firearm enhancement to the transportation charge. We conclude that the trial court erred in failing to stay sentence on the possession of ammunition charge, modify the judgment in that regard, and affirm the judgment as so modified.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2014, a San Diego County deputy sheriff observed Heath driving his Dodge Durango through a red light. When the deputy attempted to stop Heath, he sped off and led law enforcement officers on a 35-mile high-speed chase. During the chase, Tatiana Nedeljkovic, Heath's sole passenger, threw an unloaded nine-millimeter handgun out of the Durango's passenger window. The chase ended when Heath crashed his vehicle and law enforcement officers arrested him.

At the time of his arrest, Heath was on active probation and had numerous past convictions for weapons and drug-related offenses. An inventory search of Heath's vehicle revealed substantial amounts of various controlled substances, drug paraphernalia, scales, receipts for wire transfers to Mexico totaling approximately

---

1  All further statutory references are to the Penal Code.

$50,000, and tin foil with burn marks. It also had a metal suitcase that contained a loaded nine-millimeter handgun, ammunition, and paraphernalia for drug sales.

## DISCUSSION

### A. *Possession of Ammunition*

Heath contends the trial court erred in not staying the sentence for unlawful possession of ammunition (count 8) under section 654 because it was part of an indivisible course of conduct and incidental to his unlawful possession of the firearm as charged in count 7.

Section 654 "prohibits multiple punishment for a single physical act that violates different provisions of law." (*People v. Jones* (2012) 54 Cal.4th 350, 358; *People v. Sanders* (2012) 55 Cal.4th 731, 743-744.) Its protection has been extended to cases in which there are several offenses committed during "a course of conduct deemed to be indivisible in time." (*People v. Beamon* (1973) 8 Cal.3d 625, 639 (*Beamon*).) "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act . . . depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one. " (*Neal v. State of California* (1960) 55 Cal.2d 11, 19.)

However, if a defendant harbored " ' "multiple criminal objectives" which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, "even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." ' " (*People v. Kenefick* (2009) 170 Cal.App.4th 114, 125; *People v. Liu* (1996) 46

3

Cal.App.4th 1119, 1135.) The determination that a defendant had multiple criminal objectives is a factual question for the trial court and its findings will be upheld on appeal if supported by substantial evidence. (*People v. Akins* (1997) 56 Cal.App.4th 331, 339.)

At the time of his arrest, Heath was transporting drugs for sale and carrying weapons with extra ammunition for protection. His possession of weapons and ammunition at the same time and for the same purpose triggers the application of section 654. (*Beamon, supra,* 8 Cal.3d at p. 639; *People v. Lopez* (2004) 119 Cal.App.4th 132, 138 [possession of loaded firearms did not support separate punishment under § 654 for possession of firearms and possession of ammunition].)

The People contend that Heath possessed the spare ammunition to provide it to his passenger or to trade for other guns. However, this contention is mere speculation as there is no substantial evidence on the record to support it. (*People v. Ramon* (2009) 175 Cal.App.4th 843, 851.)

For these reasons, we conclude the trial court erred in not staying the sentence imposed on count 8. Accordingly, we modify the judgment to stay the imposition of sentence as to that count.

## B. *Firearm Enhancement*

Heath also contends the court violated section 654 when it failed to stay the three-year firearm enhancement relating to his conviction of transporting a controlled substance (count 1). He argues that the enhancement was based on the same course of conduct (unlawful possession of a firearm) that was the basis for a separate count for possession

4

of a firearm by an ex-felon, of which he was also convicted. We disagree that this violated section 654.

Section 654 does not apply "when the evidence shows that the defendant arrived at the scene of [the] primary crime already in possession of the firearm." (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1145.) This is because an ex-felon who owns, possesses, or has custody or control of a firearm commits a felony "*the instant [he] in any way has a firearm within his control.*" (*People v. Ratcliff* (1990) 223 Cal.App.3d 1401, 1410 (*Ratcliff*).) "What the ex-felon does with the weapon later is another separate and distinct transaction undertaken with an additional intent which necessarily is something more than the mere intent to possess the proscribed weapon." (*Id.* at p. 1414.)

Heath admitted that he purchased one of the firearms and obtained the other in exchange for drugs before his arrest for transporting controlled substances. Because Heath acquired and possessed the firearms "distinctly antecedent and separate from the primary offense," the court's imposition of separate punishment for his possession of a firearm while a convicted felon and his use of a firearm in connection with transporting controlled substances does not violate section 654. (*People v. Wynn* (2010) 184 Cal.App.4th 1210, 1217.)

The imposition of separate sentence terms is commensurate with Heath's culpability and is thus consistent with the purposes of section 654. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1211.) Punishment for both possession of a firearm by a felon and for a crime committed while using that firearm helps implement the legislative goal of discouraging such crimes. (*Ratcliff, supra,* 223 Cal.App.3d at p. 1409 [recognizing

5

that the danger is greater when the person possessing the concealable firearm has previously been convicted of a felony]; *People v. Ahmed* (2011) 53 Cal.4th 156, 160-162.)

Substantial evidence supports the trial court's implied finding that Heath possessed a firearm before transporting the controlled substances and, accordingly, that his intent to possess a firearm was separate from his intent to transport and sell drugs. Thus, the court properly imposed separate punishment relating to Heath's possession of a firearm on the felon-in-possession charge and the firearm enhancement on the transporting controlled substances charge.

## DISPOSITION

The judgment is modified to stay under section 654, subdivision (a) the sentence on the possession of ammunition charge (count 8) and is affirmed as so modified. The superior court is directed to prepare an amended abstract of judgment and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

6

                                                              PRAGER, J.*

WE CONCUR:


BENKE, Acting P. J.


O'ROURKE, J.

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.