[No. C059144. Third Dist. Oct. 20, 2009.]

NADER AUTOMOTIVE GROUP, LLC, et al., Plaintiffs and Appellants, v. NEW MOTOR VEHICLE BOARD, Defendant and Respondent; VOLKSWAGEN OF AMERICA, INC., Real Party in Interest and Respondent.

[No. C059180. Third Dist. Oct. 20, 2009.]

NADER AUTOMOTIVE GROUP, LLC, et al., Plaintiffs and Appellants, v. NEW MOTOR VEHICLE BOARD, Defendant and Respondent; AUDI OF AMERICA, INC., Real Party in Interest and Respondent.

## Counsel

Law Offices of Michael T. Morrissey and Michael T. Morrissey for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

Jeffer, Mangels, Butler & Marmaro, Allen Resnick, Neil C. Erickson and Amy Lerner Hill for Real Parties in Interest and Respondents.

## Opinion

**ROBIE, J.**—In these two consolidated cases, plaintiffs Nader Automotive Group, LLC, and its general manager, Nader Eghtesad (collectively Nader), protested Nader's termination as franchised dealers of Volkswagen of America, Inc., and Audi of America, Inc., the real parties in interest. The New Motor Vehicle Board (board) dismissed the protests based on Nader's failure to comply with authorized discovery without substantial justification.

The dismissal was premised on Vehicle Code[1] section 3050.2, subdivision (b) (section 3050.2(b)), which reads in relevant part as follows: "The executive director [of the board] may, at the direction of the board, upon a showing of failure to comply with authorized discovery without substantial justification for that failure, dismiss the protest or petition or suspend the proceedings pending compliance."

Nader petitioned the trial court for writs of mandate directing the board to set aside the dismissals. The court denied the petitions, and Nader timely appeals.

---

[1] All further section references are to the Vehicle Code.

On appeal, Nader has two main contentions (some of which it separates out into other argument headings): (1) section 3050.2(b) is unconstitutional on its face and as applied; and (2) the board's findings that Nader failed to comply with authorized discovery without substantial justification were not supported by sufficient evidence.

Disagreeing with Nader, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2007,[2] Audi and Volkswagen sent letters to Nader stating their intent to terminate Nader's two automobile franchises in Eureka. The reasons stated for the proposed termination included failure to obtain wholesale financing, insufficient tools and equipment, poor customer service and sales satisfaction, inadequate training, and failure to produce monthly financial statements.

In April, Nader filed protests with the board.

When it received the protests, the board issued a notice setting a prehearing conference. After three continuances at Nader's request, the prehearing conference took place on May 17. At that time, the parties stipulated to a discovery schedule with August 9 as the final date for document production. On July 6, the parties agreed there were no disputes as to the requests for documents.

By August 9, Nader had failed to produce any documents related to either franchise. Nader did not communicate to Audi, Volkswagen, or the board that the documents were going to be late, and it made no attempt at a partial production.

On August 23, Audi and Volkswagen filed motions to dismiss the protests based on Nader's failure to comply with its discovery obligations.

On August 27, Nader filed oppositions to each motion. Included were declarations from Eghtesad stating he had a "limited staff of administrative assistants," and he "had great difficulty assembling the documents, but fully expect[ed] to be ready to produce the responsive documents by August 31."

---

[2] All dates refer to the year 2007.

At the August 30 hearing on the motions to dismiss, Nader again stated it would produce the documents the next day, so the board continued the hearing to September 5. The documents were not produced on August 31.

On September 5, Nader produced 283 pages of documents. Included were a few relevant documents scattered randomly among illegible checks, documents in a foreign language, and documents related to franchises other than Audi or Volkswagen. There were no documents regarding dealership employees, vehicle inventories, equipment and tools, warranty work, and basic accounting documents, all of which had been requested.

On September 10, the parties made their final oral arguments in both cases before the ruling on the motions to dismiss. Thereafter, the administrative law judge (ALJ) stated he had reviewed the documents and intended to recommend to the board the motions to dismiss the protests be granted.

On November 8, the ALJ issued findings and recommendations in each case, concluding that the motions to dismiss should be granted. Among other things, the ALJ found Nader had failed to comply with its discovery obligations without substantial justification, the documents Nader finally produced were late and inadequate, and its failure was "deliberate or at best grossly negligent."

On November 8, the board's executive director adopted the ALJ's findings that Nader had failed to comply with the authorized discovery without substantial justification and recommended the board dismiss the protests with prejudice.

On November 16, the board did so.

Nader filed petitions for writs of administrative mandamus in the trial court seeking to set aside the dismissals. After briefing and oral argument by the parties, the court denied the petitions.

Nader filed a timely notice of appeal from the denials.

## DISCUSSION

### I

*Section 3050.2(b) Is Constitutional on its Face and as Applied*

Nader challenges the constitutionality of section 3050.2(b) on its face and as applied. The as-applied argument contains many subarguments. As we

explain below, Nader's challenges fail because, among other things, they are not fully developed and/or they fail to consider controlling statutory and case law.

A

*Section 3050.2(b) Is Constitutional on its Face*

In a cursory argument, Nader contends ·section 3050.2(b) is unconstitutional on its face because it "has no standards for an [ALJ], the director or the Board to apply in deciding the motion to dismiss." Nader's argument fails because he does not support his argument with relevant authority and it is at odds with the plain language of the statute.

The only authority Nader cites in arguing the facial unconstitutionality of section 3050.2(b) is a block of text from a footnote in an unrelated case, *Oberholzer v. Commission on Judicial Performance* (1999) 20 Cal.4th 371, 391, footnote 16 [84 Cal.Rptr.2d 466, 975 P.2d 663]. There, the court held the Commission on Judicial Performance did not violate a judge's procedural due process rights by issuing a confidential advisory letter sanctioning him. (*Id.* at p. 390.) Nothing in the case supports Nader's argument section 3050.2(b) is facially unconstitutional.

■ Moreover, contrary to Nader's claim that section 3050.2(b) has no standards, the statute requires a showing of failure to comply with authorized discovery without "substantial justification" for the executive director to dismiss the protest. The "substantial justification" language is the same language used in the discovery sanctions provision of the Code of Civil Procedure, which mandates sanctions in a variety of situations unless the party subject to sanctions acted with "substantial justification." (Code Civ. Proc., § 2031.310, subd. (h).) Although we could not find a published case defining "substantial justification" in section 3050.2(b) or the Code of Civil Procedure, in at least one context that phrase has been interpreted to mean that the entity's position in the proceedings was clearly reasonable, i.e., it had a reasonable basis in law and fact. (*Tetra Pak, Inc. v. State Bd. of Equalization* (1991) 234 Cal.App.3d 1751, 1763–1764 [286 Cal.Rptr. 529] [interpreting the phrase "substantial justification" in an analogous provision of Rev. & Tax. Code, § 7156].)

Based on the plain language of the statute and Nader's inadequate briefing of the issue, Nader has failed to carry its burden to demonstrate section 3050.2(b) is facially unconstitutional.

B

*Section 3050.2(b) Is Constitutional as Applied*

Nader's argument the statute is unconstitutional as applied fares no better. Nader's argument, scattered in various parts of its briefs, appears to be based on the following assertions: (1) the timeline for discovery was "outrageous"; (2) Nader was not given adequate opportunities to be heard; (3) Audi and Volkswagen improperly used "the procedural mechanism of a motion to dismiss" because "there are no provisions . . . authorizing a motion to dismiss"; (4) the board acted in excess of its jurisdiction in granting the motion to dismiss; and (5) the board was required to consider a lesser sanction than dismissal, which it did not do based on "arbitrary and ridiculously short time limits" for the protests that the board premised on an "imagined right to an expedited process." These arguments lack merit.

### 1. *The Timelines for Discovery Were Not "Outrageous"*

Nader's cursory argument regarding the "outrageous" nature of the timeline for discovery fails to mention salient facts that defeat its argument. The prehearing conference in May at which the discovery schedule was set took place after three continuances Nader had requested. When the discovery schedule was set, it was by stipulation of all parties, including Nader. When the August 9 deadline for production of documents came and went, Nader did not communicate to Audi, Volkswagen, or the board when the documents would be produced and did not attempt a partial production. On this record, Nader will not be heard to complain of the alleged "outrageous" nature of the timeline for discovery.

### 2. *Nader Was Given Many Chances to Be Heard*

The record belies Nader's claim it was not given sufficient opportunities to be heard in connection with both Audi's and Volkswagen's motions to dismiss. The ALJ scheduled and held four days of hearings on the motions to dismiss. At the hearings, Nader was given continuances to allow it extra time to produce the documents and chances to orally argue its position. When the board made its decision granting the motions to dismiss, it considered Nader's arguments in two decisions. On this record, Nader's argument fails.

### 3. *Audi and Volkswagen Were Authorized to File Motions to Dismiss the Protests*

Nader's argument that a car manufacturer does not have the authority to file a motion to dismiss the protest has been considered and rejected.

(*Automotive Management Group, Inc. v. New Motor Vehicle Bd.* (1993) 20 Cal.App.4th 1002, 1012 [24 Cal.Rptr.2d 904].) This case was brought to Nader's attention by Audi and Volkswagen in their respondents' briefs, and Nader fails to explain why this settled law does not apply here.

### 4. *The Board Did Not Act in Excess of its Jurisdiction in Granting Motions to Dismiss the Protests*

Similarly, Nader's argument the board acts in excess of its jurisdiction by granting a motion to dismiss has been considered and rejected by this court. (*Duarte & Witting, Inc. v. New Motor Vehicle Bd.* (2002) 104 Cal.App.4th 626, 635 [128 Cal.Rptr.2d 501].) Again, Nader fails to explain why this settled law by our court does not apply here.

### 5. *The Board Was Not Required to Consider a Lesser Sanction Than Dismissal; the Expedited Nature of the Process Appears in the Statutory Framework*

Nader argues the board was required to consider a lesser sanction than dismissal, which the board did not do based on "arbitrary and ridiculous[] . . . time limits" premised on an "imagined right to an expedited process." Statutory and case law defeat Nader's argument.

■ The statutory scheme evinces the Legislature's intent to provide for an expedited procedure for resolving a protest by a car dealer. For example, upon receiving notice of termination from the car manufacturer, the dealer has from 10 to 30 days to file the protest. (§ 3060, subd. (a)(2).) Upon receiving the notice of protest, the board must fix a time for the hearing, "within 60 days of the order." (§ 3066, subd. (a).) The date may be accelerated or postponed on "good cause" "but . . . may not be rescheduled more than 90 days after the board's initial order." (*Ibid.*) Among other things, the expedited timeframes that apply to protests promote finality, which benefits the public, car manufacturers, and car dealers, and reduces uncertainly in the minds of all parties. (See *Sonoma Subaru v. New Motor Vehicle Bd.* (1987) 189 Cal.App.3d 13, 21–22 [234 Cal.Rptr. 226].) It is not our job to pass on the wisdom of the expedited timeframes set by the Legislature. As our court has succinctly stated, "We cannot, by judicial fiat, extend what the Legislature has been careful to circumscribe." (*Id.* at p. 21.)

■ As to Nader's argument the board should have considered a lesser sanction than dismissal, the plain language of the statute defeats his argument. The Legislature has vested in the executive director (at the direction of

the board) power to "dismiss the protest" "upon a showing of failure to comply with authorized discovery without substantial justification." (§ 3050.2(b).) The statutory scheme does not require the board to consider a lesser sanction first.

## II

### Substantial Evidence Supported the Board's Findings

 We are left with Nader's contention there was insufficient evidence to support the board's findings of failure to comply with authorized discovery without substantial justification. Nader is wrong.

On May 17, the parties agreed to a discovery schedule that included a document production deadline of August 9. On July 6, the parties agreed there were no disputes as to the requests for production of documents. A month later, however, Nader failed to meet the August 9 deadline and did not communicate to Audi, Volkswagen, or the board whether the documents would be late or would be at least partially produced. By the time Audi and Volkswagen filed their motions to dismiss on August 23, it had been four and one-half months since the protests were filed, two and one-half months after Audi and Volkswagen served their discovery requests, and a month and one-half after all parties agreed there were no discovery disputes.

When Nader finally produced some documents on September 5, they were, as the ALJ described them, " 'woefully inadequate' ": nothing indicated which documents belonged to the Audi protest or which belonged to the Volkswagen protest; the few responsive documents were scattered randomly among illegible checks, documents in a foreign language, and documents related to franchises other than Audi or Volkswagen; and there were no documents regarding dealership employees, vehicle inventories, equipment and tools, warranty work, and basic accounting documents, all of which had been requested.

The excuses for nonproduction and deficient production included that the request was voluminous and Eghtesad had a small staff. However, as the ALJ explained, it was difficult to reconcile the excuses with the quantity of documents produced and the two months Nader had to produce those documents. Indeed, the documents were less than 300 pages and many were irrelevant. On this record, Nader's argument fails.

## DISPOSITION

The judgments are affirmed. Audi and Volkswagen shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

Scotland, P. J., and Nicholson, J., concurred.