Filed 9/4/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ERIK DE LEON MORALES,<br><br>    Plaintiff and Appellant,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant and Respondent. | A170154<br><br>(City & County of San Francisco Super. Ct. No. CGC-21-594728) |

Erick De Leon Morales sued the City and County of San Francisco (City) for $5,000,000 for injuries suffered when he fell after a scooter he was riding struck a pothole. The City sought discovery about his level of intoxication during the incident. Ultimately, the trial court imposed two discovery sanctions against Morales's counsel — $6,500 for the City's motion to compel responses to form interrogatories, and $1,500 for conduct related to an independent medical examination. The parties have since settled the action, but Morales appeals the sanctions.[1] We grant the City's motion for partial dismissal of the appeal and affirm as to the remaining issue. We also grant the City's motion for appellate sanctions against Morales's counsel for filing a frivolous appeal. (Cal. Rules of Court, rule 8.276(a)(1).)

_____

[1] We grant the City's unopposed request for judicial notice of (1) the notice of settlement; (2) Morales's "Third Further Responses" to form interrogatories (boldface omitted); and (3) evidence that Morales's counsel paid the sanctions. (Evid. Code, § 452, subds. (d), (h).)

1

# BACKGROUND

Given the narrow scope of the issues on appeal, we provide limited facts for context and greater detail about the discovery disputes.

In 2021, Morales sued the City, alleging he fell when a scooter he was riding struck a pothole. He asserted causes of action for premises liability and negligence, and he sought $5,000,000 in damages. He filed this notice of appeal in April 2024, and the parties settled the action one month later.

## I.

On September 12, 2023, the City served requests for admission (RFAs). RFAs 5 through 7 asked Morales to admit his intoxication at the time of the incident. The same day, the City served form interrogatories. Interrogatory 17.1 requires a party that does not admit an RFA to identify facts, witnesses, and documents supporting the party's response to the request.

On October 17, 2023, Morales served his response to the RFAs, which did not contain an unqualified admission to RFAs 5 through 7. The same day, he served his response to the form interrogatories. After two prefatory sections titled "preliminary statements" and "general objections," he responded to individual interrogatories — but he did not address RFAs 5 through 7 in responding to interrogatory 17.1. (Boldface & capitalization omitted.) Two days later, the City sent a meet and confer letter, advising Morales that he had "not responded to Form Interrogatory 17.1 *at all* with regard to RFAs 5-7." On November 14, his counsel responded and, as relevant here, indicated "Plaintiff will amend his response to [interrogatory No. 17.1]." But in his "Further Responses" (boldface omitted) sent the next day, Morales again failed to address RFAs 5 through 7 in his response to interrogatory 17.1. On December 7, the City sent a second meet and confer letter, again advising Morales that he "still has not provided a response to

Form Rog No. 17.1 with respect to . . . RFA Nos. 5, 6, and 7." The City also indicated it was contemplating filing a motion to compel by the December 18 deadline. Morales did not respond, and the City filed a motion to compel responses to interrogatory 17.1 as to RFAs 5 through 7 and sought sanctions — in the amount of $6,500 — against Morales's counsel.

On January 2, 2024 — the day opposition was due and almost four months after the form interrogatories had been served — Morales served his "Second Further Responses" (boldface omitted), including a response to interrogatory 17.1 regarding RFAs 5 through 7. In opposition to the motion, his counsel declared Morales "originally inadvertently missed serving further responses for Form Interrogatory 17.1 as to RFAs #5 to 7, but has since cured the issue," and took the position that the City's motion and "any arguments regarding Form Interrogatory 17.1 as to RFAs #5 to 7 are *moot*." In its reply, the City argued Morales's failure to respond for months forced it to bring the motion, his belated and still inadequate response "on the critical issue" of "his level of intoxication at the time of the incident" did not moot the motion, and sanctions were necessary given the gamesmanship.

On January 16, 2024, the City's motion was set to be heard, but the City declined to stipulate to it being heard by a judge pro tem so he prepared a report and recommendation for the trial court. The judge pro tem found Morales failed to respond to form interrogatory 17.1 as to RFAs 5 through 7 "prior to the instant motion being filed." He further determined that Morales's "justifications for failing to provide Code-compliant responses . . . are unavailing." In addition to recommending that Morales be ordered to provide amended responses to the interrogatory, the judge pro tem found Morales "failed to have substantial justification for failing/refusing to respond" and recommended that the "City's modest request for sanctions in

3

the amount of $6,500.00" be granted.  On February 5, after hearing argument from counsel, the trial court adopted the report and recommendation and imposed a discovery sanction of $6,500 to be paid by Morales's counsel.[2]

II.

On November 3, 2023, the City noticed an independent medical exam of Morales.  (Code. Civ. Proc., § 2032.020; undesignated statutory references are to this code.)  He appeared for the exam with two observers chosen by his attorney.  During the exam, the observers repeatedly objected to the doctor's questions, "effectively blocking [him] from conducting [his] examination."  And when the doctor attempted to dictate his exam notes into his iPad, an observer accused him of audiotaping the exam.  The observers took up much of the allotted time with their objections, and the doctor was unable to conduct "fundamental portions of the examination," precluding his preparation of a report.

After fruitless efforts to meet and confer, the City filed a motion to compel on December 27, 2023.  In addition to seeking to compel another exam, the City sought sanctions in the amount of $14,625 against Morales's counsel.  Morales's January 11, 2024 opposition, citing to the declaration of

---

[2] At the hearing, attorney Mahsa Farid — from the same firm representing Morales on appeal, B&D Law Group, APLC — again argued the City's motion was moot.  She also said his response to form interrogatory 17.1 was "objection-free" and — answering the trial court's direct question — indicated the "preliminary statements" and "general objections" in the pleading did not apply to the response.  (Boldface & capitalization omitted.)  Notably, in Morales's "Third Further Responses" (boldface omitted) to the form interrogatories, submitted one week later, he admitted "he was intoxicated with alcohol at the time of the incident."

an observer, offered a different account of what transpired at the examination.[3]

A judge pro tem heard argument on January 24, 2024, and issued a report and recommendation. He believed the City's version of events, that is, he "agree[d] with the City that [Morales's] observers interfered with the examination." (Italics & boldface omitted.) And he concluded the doctor had asked "standard questions" and had not recorded the exam. Ultimately, the judge pro tem recommended Morales be ordered to appear for another exam and that sanctions in the amount of $1,500 be imposed. On February 14, after hearing from counsel, the trial court adopted the report and recommendation and imposed a sanction of $1,500.

## DISCUSSION

Morales contends the trial court abused its discretion by imposing discovery sanctions. It did not.

We review discovery orders for abuse of discretion. (*Deck v. Developers Investment Co., Inc.* (2023) 89 Cal.App.5th 808, 823–824.) A court " 'has broad discretion in deciding whether to impose sanctions and in setting the amount of monetary sanctions.' " (*Ibid.*) We review factual findings for substantial evidence — resolving evidentiary conflicts in favor of the ruling — and independently review any legal conclusions. (*Id.* at p. 824.)

---

[3] In her accompanying declaration, Farid averred that the observer's declaration was attached to the opposition. It was not. Farid filed a supplemental declaration on January 17, 2024 — *after* the City filed its reply — and attached the declarations of both observers. She averred the observers' declarations were only sent to her that day. Left unaddressed was how her opposition brief could cite to, and rely on, a declaration she apparently received a week after the brief was filed. The City moved to strike the late-filed declarations, and the trial court indicated it would not consider them.

5

We begin by addressing the City's motion for partial dismissal of the appeal. The motion was filed after the opening and answering briefs had been filed; Morales filed an opposition. We issued an order indicating we would defer ruling on the motion until we addressed the merits of the appeal. Now, we conclude it should be granted.

First, Morales's notice of appeal indicates that — in addition to the two orders imposing sanctions — he appealed from a third order granting the City's motion for a protective order regarding his disclosure of 75 nonretained experts but denying its request for sanctions. The City contends the order is not separately appealable, and this portion of the appeal must be dismissed. (*Wells Properties v. Popkin* (1992) 9 Cal.App.4th 1053, 1055 [denial of a motion for sanctions is not appealable]; *Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432 [court's duty to dismiss an appeal from a nonappealable order].) In his opposition, Morales blithely chides the City for "wast[ing] ink discussing an order" that "was not discussed by [him] in the Opening Brief and is not before this Court on appeal," but he does not otherwise address the order's appealability.[4] We deem the City's argument conceded and grant its motion to dismiss this issue for lack of appealability.

Next, the City contends the appeal of $1,500 in sanctions for the medical exam must be dismissed because "[s]anctions for discovery abuse are not separately appealable unless they exceed $5,000." (*Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 161.) Morales concedes "there is no statute that would authorize a direct appeal of an order imposing sanctions less than

---

[4] Morales indeed failed to address this order in his opening brief, thereby forfeiting his appeal of it. (*Swain v. LaserAway Medical Group, Inc.* (2020) 57 Cal.App.5th 59, 72.) For that reason, we do not provide any facts regarding this issue.

$5,000" but urges us to combine the two sanction orders or alternately treat his appeal as a writ. Here, there is no basis to aggregate the orders — issued on different dates, requested by different motions, and involving separate acts — to exceed the monetary threshold of $5,000, and we will not do so. (*Imuta v. Nakano* (1991) 233 Cal.App.3d 1570, 1585, fn. 20.) And while we have discretion to treat his appeal as a writ, we are mindful " 'we should not exercise that power except in unusual circumstances.' " (*Wells Properties v. Popkin*, *supra*, 9 Cal.App.4th at p. 1055.) Morales fails to persuade us that we should exercise our discretion to review a $1,500 discovery sanction that was issued more than 18 months ago in a case that settled more than 16 months ago. (*Ballard v. Taylor* (1993) 20 Cal.App.4th 1736, 1740 [declining to treat appeal of discovery sanctions as a writ].) So we likewise grant the City's motion to dismiss this issue for lack of appealability.

The City also asks us to impose appellate sanctions in the amount of $191,855 on Morales's counsel. Because a significant basis for the request is the objective and subjective frivolousness of the remaining issue, we will address the asked-for sanctions after addressing the issue's merits.

II.

As for the remaining issue on appeal — the trial court's imposition of sanctions for Morales's unsuccessful opposition to the City's motion to compel regarding form interrogatory 17.1 — Morales contends the court erred. He reasons he had substantial justification for opposing the motion and that the sanctions order "exceeded all bounds of reason" and was "impermissibly punitive in nature." His arguments — which either ignore the relevant standard of review, are raised for the first time on appeal, or are belied by the record — fail to persuade.

7

A.

Section 2030.290 provides that when "a party to whom interrogatories are directed fails to serve a timely response," that party waives "any objection to the interrogatories" and the "party propounding the interrogatories may move for an order compelling response to the interrogatories." (§ 2030.290, subds. (a), (b).) Moreover, a trial court "shall impose a monetary sanction . . . against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel a response to interrogatories, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (*Id.*, subd. (c).)

Morales contends he had substantial justification to oppose the City's motion to compel. In doing so, he ignores the judge pro tem's findings that he failed to respond to the interrogatory before the City filed its motion; his "justifications for failing to provide Code-compliant responses . . . are unavailing"; and he "failed to have substantial justification for failing/refusing to respond." After hearing argument, the trial court adopted the judge pro tem's report and recommendations. We review these findings for substantial evidence and find ample support in the record. (*Nader Automotive Group, LLC v. New Motor Vehicle Bd.* (2009) 178 Cal.App.4th 1478, 1486.)

Morales was aware of the form interrogatories as well as the date by when his responses were due. He timely responded to interrogatory 17.1 with respect to various RFAs but not requests 5 through 7 — which concerned "the critical issue" of his level of intoxication during the incident. The City specifically apprised him of the omission in a meet and confer letter and accompanying chart sent two days later. Almost a month later, he indicated he would amend his response to the interrogatory but again failed

8

to address RFAs 5 through 7 in his amended response. Again, the City specifically alerted him about his omission in a meet and confer letter.[5] When counsel failed to respond, the City was forced to file its motion. Morales finally responded on the day his opposition to the motion was due, claiming inadvertence for his failure to respond earlier. Even then, the judge pro tem and trial court determined his responses were not compliant, and he was ordered to submit further responses. Given this record, we have no problem concluding sufficient evidence supports the court's conclusion that Morales had no substantial justification to oppose the motion to compel. (*Nader Automotive Group, LLC v. New Motor Vehicle Bd.*, *supra*, 178 Cal.App.4th at p. 1486; *People v. Tabb* (1991) 228 Cal.App.3d 1300, 1311 [no abuse of discretion in finding inadvertence or error does not constitute substantial justification].) To the extent he points to other evidence, he misunderstands our duty on review. (*Deck v. Developers Investment Co., Inc.*, *supra*, 89 Cal.App.5th at p. 824 [resolving evidentiary conflicts in favor of the ruling].)

We briefly address Morales's other substantial justification arguments. Contending the "preliminary statements" and "general objections" responded to the items at issue here (boldface & capitalization omitted), he argues the City's motion to compel should have been denied because it was brought pursuant to section 2030.290 — which applies when there has been no response at all — instead of section 2030.300 — which applies when a response is incomplete. There are several flaws in this argument. First, it's

---

[5] At oral argument, Morales's counsel Daniel D. Geoulla suggested that because the meet and confer letters addressed "many issues," his firm might have overlooked the City's repeated flagging of this omission. The trial court apparently was not persuaded and, having reviewed the letters and accompanying charts, neither are we.

raised for the first time on appeal so we will not consider it. (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603.) Second, it ignores the fact that his interrogatory responses submitted on October 17 and November 15, 2023 did not mention RFAs 5 through 7, so it's unclear how these prefatory sections could apply to them. Finally, and perhaps most concerning, the notion that the prefatory sections served as a response to the items at issue here is *diametrically opposed* to the position Farid took in response to the trial court's direct question at the February 5, 2024 hearing — that those sections did *not* apply to the interrogatory and that the belated response was "objection-free." As Geoulla conceded at oral argument, Farid's response is "binding" on appeal. (*Fassberg Construction Co. v. Housing Authority of City of Los Angeles* (2007) 152 Cal.App.4th 720, 752 ["an oral statement by counsel in the same action is a binding judicial admission if the statement was an unambiguous concession of a matter"].)

Finally, Morales argues he was substantially justified in opposing the motion because the City allegedly made misrepresentations to the trial court. The cited statements — which we need not address — are irrelevant as they do not concern the items at issue in the motion to compel — responses to form interrogatory 17.1 regarding RFAs 5 through 7.

### B.

Morales contends the trial court's imposition of sanctions exceeded "the bounds of reason" and was impermissibly punitive. In so arguing, he primarily repeats that his conduct was substantially justified. Having already rejected those arguments, we will not belabor the issue. He also contends the "sheer amount of the sanctions shocks the conscience." To the contrary, given the discovery gamesmanship regarding "the critical issue" of Morales's "level of intoxication at the time of the incident," we think the judge

10

pro tem's description of the $6,500 amount as "modest" is more apt. Morales fails to establish an abuse of discretion. (*Deck v. Developers Investment Co., Inc., supra,* 89 Cal.App.5th at pp. 823–824.)

### III.

We turn to the City's motion for appellate sanctions against Morales's counsel. The City contends that the appeal "indisputably lacks both legal and factual merit and is both objectively and subjectively frivolous in its entirety." The City urges us to sanction counsel in the amount of $191,855 — an amount it calculated using the number of hours expended to litigate the appeal — to deter such abuse in the future and to compensate it for the significant expense it was forced to incur to litigate this appeal. Having considered the parties' briefs and oral argument, we are persuaded that Morales's appeal is objectively and subjectively frivolous and grant the motion for sanctions.

### A.

The City filed a motion for appellate sanctions on April 24, 2025. (Cal. Rules of Court, rule 8.276(b); undesignated rule references are to these rules.) The same day, we indicated we would defer ruling on the motion until we addressed the merits of the appeal. On July 8, Morales filed an opposition. (See rule 8.276(d).) We set the matter for oral argument and sent the parties a tentative opinion, which addressed the request for sanctions. (See rule 8.276(c), (e).) Although our tentative opinion proposed to deny the motion, we indicated the issue was "a close question" and notified the parties that "the views expressed in the tentative opinion [would] be subject to change" if either party wished to proceed with oral argument. Both parties indicated they wanted to proceed with oral argument, and both presented argument regarding the motion. Hence, our consideration of the motion for sanctions

11

accords with due process. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 654; *International Ins. Co. v. Montrose Chemical Corp.* (1991) 231 Cal.App.3d 1367, 1374.)

B.

An appellate court may impose sanctions when it appears "the appeal was frivolous or taken solely for delay." (§ 907; *In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 646; *Malek Media Group, LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 834 (*Malek*); rule 8.276(a)(1).) " 'Courts "impose a penalty for a frivolous appeal for two basic reasons: to discourage further frivolous appeals, and to compensate for the loss that results from the delay." ' " (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 79.) There are objective and subjective components to the inquiry. (*Flaherty*, at p. 649.) "The objective standard looks at the merits of the appeal from a reasonable person's perspective," while the "subjective standard looks to the motives of the appellant and his or her counsel." (*Ibid.*) "A finding of frivolousness may be based on either standard by itself, but the two tests are ordinarily used together, with one sometimes providing evidence relevant to the other." (*Malek*, at p. 834.) For example, a "complete lack of merit is evidence that the appellant brought the appeal for" an improper purpose. (*Id.* at p. 836.) All that said, a frivolous appeal and one that is "merely meritless" are different. (*Flaherty*, at p. 646.) And we must take care not to " 'deter attorneys from vigorously representing their clients.' " (*Malek*, at p. 834.)

Keeping these principles in mind, we conclude Morales's appeal is objectively and subjectively frivolous. It is objectively frivolous because any "reasonable person would 'agree that the appeal is completely devoid of merit.' " (*In re Marriage of Deal*, *supra*, 80 Cal.App.5th at p. 80.) Morales's "arguments rest on negligible legal foundation," and he presents " 'no unique

12

issues, no facts that are not amenable to easy analysis in terms of existing law.'" (*Malek, supra,* 58 Cal.App.5th at pp. 834–835.) For example, two of the three orders appealed from are plainly nonappealable. As to one of these orders, rather than attempting to offer a plausible response to the City's motion to dismiss, Geoulla simply blamed the City for addressing the order given his failure to discuss it in his opening brief. Regarding the sole appealable order, Geoulla raised arguments that had been forfeited for failure to raise them in the trial court and that directly contradicted the position Farid took below. Other times, Geoulla asserted facts belied by the record below. For example, in his opening brief, Geoulla said Morales "only realized that he had inadvertently failed to serve said responses once the City filed its Motion to Compel and [his] Opposition came due." This ignores the two meet and confer letters and accompanying charts the City sent Morales's counsel, explicitly and repeatedly advising that Morales had "not responded to Form Interrogatory 17.1 *at all* with regard to RFAs 5-7."[6]

While not necessary to issue sanctions, we also conclude Morales's appeal is subjectively frivolous. An appeal is subjectively frivolous when " ' " 'it is prosecuted for an improper motive—to harass the respondent or

---

[6] We remind counsel that he has a duty of candor to the court, precluding the making of false statements of fact or law. (Rules Prof. Conduct, rule 3.3; Bus. & Prof. Code, § 6106.) Violation of that duty is another basis for sanctions. (*Bryan v. Bank of America* (2001) 86 Cal.App.4th 185, 194.) In his briefs, Geoulla failed to disclose that Farid told the trial court at the February 5, 2024 hearing that the prefatory sections of Morales's "Second Further Responses" (boldface omitted) did not apply to his response to form interrogatory 17.1. He also failed to disclose that Farid's supplemental declaration regarding the motion to compel another medical exam was filed after the City filed its reply brief, or that the City filed a motion to strike the declaration, or that the court said it would not consider the late-filed declaration.

delay the effect of an adverse judgment.' " ' " (*Malek*, *supra*, 58 Cal.App.5th at p. 836.) The "complete lack of merit is evidence that the appellant brought the appeal for the purpose of delay." (*Ibid.*; *In re Marriage of Deal*, *supra*, 80 Cal.App.5th at p. 80.) Other evidence indicates the appeal was brought to harass the City. For example, the order granting the City's motion for a protective order regarding Morales's disclosure of 75 nonretained experts but denying its request for sanctions was nonappealable, and Geoulla does not attempt to argue otherwise. (*Wells Properties v. Popkin*, *supra*, 9 Cal.App.4th at p. 1055.) Even if Geoulla only became aware the issue had no merit after the notice of appeal was filed, he could have filed an abandonment of the issue, requested that the appeal of the issue be dismissed, or indicated in his opening brief that he was forfeiting the issue. (Rule 8.244(b), (c).) His failure to do so meant the trial court was forced to include the issue when compiling the record, and the City had to address the issue in its answering brief.

"Sanctions are appropriate when appellant's counsel had a professional obligation not to pursue the appeal." (*Malek*, *supra*, 58 Cal.App.5th at p. 837.) "The amount of sanctions is determined by looking to respondent's attorney fees on appeal, the judgment against the appellant, the degree of objective frivolousness and delay, and the need to discourage similar conduct in the future." (*Ibid.*) Given that the issues on appeal concerned the trial court's imposition of sanctions against Morales's counsel, we think it appropriate to likewise impose appellate sanctions against counsel alone. Counsel "had numerous opportunities to dismiss the appeal and to withdraw its baseless claims, but chose not to." (*Ibid.*)

## DISPOSITION

The City's motion to partially dismiss the appeal — with regard to the orders of February 14 and April 5, 2024 — is granted. The February 5, 2024

14

order is affirmed.  Costs on appeal are awarded to the City.  (Rule 8.278(a)(1).)  The City's motion for appellate sanctions is granted — Daniel D. Geoulla and B&D Law Group, APLC shall pay the City the amount of $30,000, to be paid no later than 30 days after the remittitur issues.  The clerk of the court is directed to forward a copy of this opinion to the State Bar.  (Bus. & Prof. Code, § 6086.7, subd. (a)(3).)  This opinion serves as notice to counsel that the matter of sanctions imposed has been referred to the State Bar.  (*Id.*, § 6086.7, subd. (b).)

_____
RODRÍGUEZ, J.


WE CONCUR:


_____
TUCHER, P. J.


_____
PETROU, J.


A170154; *Morales v. City & County of San Francisco*

16

Trial Court: San Francisco City and County Superior Court

Trial Judge: Hon. Richard B. Ulmer, Jr.

Counsel:

B&D Law Group, Daniel D. Geoulla for Plaintiff and Appellant.

David Chiu, Jennifer E. Choi, Margaret S. Schroeder, Steven Patrick Kelly, City Attorneys for Defendant and Respondent.